**COMPLAINT**

FILED

17 SEP 05 PM 2:06

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-23242-4 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| KURT SKAU, on behalf of himself and on behalf of others similarly situated, | NO. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR DAMAGES |
| v. | |
| JBS CARRIERS, INC., a Delaware corporation, | |
| Defendant. | |

Plaintiff Kurt Skau brings this action on his own behalf and on behalf of all others similarly situated and alleges as follows:

## I. INTRODUCTION

1.1    <u>Nature of Action.</u> Plaintiff Kurt Skau brings this class action against JBS Carriers, Inc. ("Defendant"). Defendant is a truckload transportation company that delivers goods throughout the United States, including the state of Washington. Plaintiff alleges Defendant has engaged in a common course of failing to compensate its Washington-based driver employees for the paid rest breaks to which they are entitled, failing to compensate driver employees for all hours of work, and failing to pay overtime wages.

## II. JURISDICTION AND VENUE

2.1    <u>Jurisdiction.</u> Defendant is within the jurisdiction of this Court. Defendant conducts business in Washington. Defendant hires drivers that reside in Washington and have

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    commercial driver's licenses issued by the state of Washington. Thus, Defendant has obtained

2    the benefits of the laws of Washington as well as Washington's commercial and labor

3    markets.

4         2.2    Venue. Venue is proper in King County because Defendant operates and

5    transacts business in King County, and Plaintiff performed work for Defendant in King County.

6         2.3    Governing Law. The claims asserted on behalf of Plaintiff and Class members in

7    this complaint are brought solely under state law causes of action and are governed

8    exclusively by Washington law.

9                              **III.  PARTIES**

10        3.1    Plaintiff Kurt Skau. Plaintiff worked for Defendant from approximately

11   November 9, 2015 to May 5, 2017. Plaintiff worked as part of Defendant's Western Regional

12   fleet and regularly transported goods within the western part of the United States, including

13   the state of Washington. Plaintiff has a commercial driver's license issued by the state of

14   Washington. During the duration of his employment, Plaintiff was a resident of Port Orchard,

15   Washington. Plaintiff performed work for Defendant in King County, Washington.

16        3.2    Defendant JBS Carriers, Inc. Defendant is a Delaware corporation that is

17   headquartered in Greeley, Colorado and does business in Washington. Defendant is an

18   interstate and regional truckload transportation company that primarily transports meat and

19   poultry products. Defendant maintains a fleet of over 600 trucks and 800 employees.

20   Defendant's Western Regional fleet operates in the western part of the United States,

21   including the state of Washington. Defendant recruits individuals who reside in Washington to

22   work for the Western Regional fleet. Defendant has employed Plaintiff and hundreds of other

23   Washington-based drivers and has exercised control over how and when those employees

24   were paid.

25

26

27

CLASS ACTION COMPLAINT FOR DAMAGES - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1        **IV.  CLASS ACTION ALLEGATIONS**

2        4.1      Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a

3    class action against Defendant on behalf of the class defined as follows (the "Class"):

4              All current and former employees of JBS Carriers, Inc. who
               worked as drivers for the company while residing in the state of
5              Washington at any time between September 5, 2014 and the
               date of final disposition of this action.
6

7    Excluded from the Class are any entity in which Defendant has a controlling interest or that

8    has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and

9    successors. Also excluded are the judge to whom this case is assigned and any member of the

10   judge's immediate family.

11       4.2      Numerosity. Plaintiff believes that more than one hundred persons have

12   worked as driver employees for Defendant while based in Washington during the proposed

13   class period. The Class members are so numerous that joinder of all members is impracticable.

14   Moreover, the disposition of the claims of the Class in a single action will provide substantial

15   benefits to all parties and the Court.

16       4.3      Commonality. There are numerous questions of law and fact common to

17   Plaintiff and Class members. These questions include, but are not limited to, the following:

18            a.      Whether Defendant has engaged in a common course of failing to pay
19                    Class members at no less than minimum wage for all hours spent in
20                    mandatory orientation and driver training;
21            b.      Whether Defendant has engaged in a common course of failing to pay
22                    Class members at no less than minimum wage for all non-driving work
23                    performed;
24            c.      Whether Defendant has engaged in a common course of failing to pay
25                    Class members overtime compensation for hours worked beyond 40 in
26                    a week;
27

CLASS ACTION COMPLAINT FOR DAMAGES - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | | |
|---|---|---|
| 1 | d. | Whether Defendant has engaged in a common course of failing to |
| 2 | | separately pay Class members for rest breaks, whether received or not; |
| 3 | e. | Whether Defendant has engaged in a common course of failing to keep |
| 4 | | true and accurate time records for all hours worked by Class members; |
| 5 | f. | Whether Defendant's failure to pay all wages owed to Class members |
| 6 | | was willful; |
| 7 | g. | Whether Defendant has violated RCW 49.12.020; |
| 8 | h. | Whether Defendant has violated WAC 296-126-092; |
| 9 | i. | Whether Defendant has violated RCW 49.46.090; |
| 10 | j. | Whether Defendant has violated RCW 49.46.130; |
| 11 | k. | Whether Defendant has violated WAC 296-128-012; |
| 12 | l. | Whether Defendant has violated RCW 49.46.040; |
| 13 | m. | Whether Defendant has violated WAC 296-128-010; |
| 14 | n. | Whether Defendant has violated WAC 296-128-011; |
| 15 | o. | Whether Defendant has violated WAC 296-128-020; |
| 16 | p. | Whether Defendant has violated WAC 296-126-040; |
| 17 | q. | Whether Defendant has violated WAC 296-126-050; |
| 18 | r. | Whether Defendant has violated RCW 49.48.010; |
| 19 | s. | Whether Defendant has violated RCW 49.52.050; and |
| 20 | t. | The nature and extent of Class-wide injury and the measure of |
| 21 | | compensation for such injury. |

4.4     Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff has performed work for Defendant as a driver employee while residing in the state of Washington and is thus a member of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

CLASS ACTION COMPLAINT FOR DAMAGES - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1        4.5    <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the Class.

2    Plaintiff has retained competent and capable attorneys who have significant experience in

3    complex and class action litigation, including employment law. Plaintiff and his counsel are

4    committed to prosecuting this action vigorously on behalf of the Class and have the financial

5    resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that

6    conflict with those of the Class.

7        4.6    <u>Predominance.</u>  Defendant has engaged in a common course of wage and hour

8    abuse toward Plaintiff and members of the Class. The common issues arising from this

9    conduct that affect Plaintiff and members of the Class predominate over any individual issues.

10   Adjudication of these common issues in a single action has important and desirable

11   advantages of judicial economy.

12       4.7    <u>Superiority.</u>  Plaintiff and Class members have suffered and will continue to

13   suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a

14   class action, however, most Class members likely would find the cost of litigating their claims

15   prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation

16   because it conserves judicial resources, promotes consistency and efficiency of adjudication,

17   provides a forum for small claimants, and deters illegal activities. There will be no significant

18   difficulty in the management of this case as a class action. The Class members are readily

19   identifiable from Defendant's records.

20       **V. SUMMARY OF FACTUAL ALLEGATIONS**

21       5.1    <u>Common Course of Conduct: Failure to Pay for All Hours of Work.</u>  Defendant

22   has engaged in a common course of failing to pay Plaintiff and Class members for each hour

23   worked.

24       5.2    Defendant pays its drivers a piece rate for driving work—specifically, a certain

25   amount for each mile driven. Defendant also pays drivers a piece rate for certain other

26   activities.

27

CLASS ACTION COMPLAINT FOR DAMAGES - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    5.3    Defendant has engaged in a common course of failing to pay Plaintiff and Class

2  members at least minimum wage for all hours of work performed during mandatory

3  orientation and driver training. Defendant requires new drivers to attend a mandatory

4  orientation at Defendant's headquarters in Greeley, Colorado. Defendant pays drivers a set

5  weekly rate for this orientation. Defendant also requires new drivers to complete at least

6  15,000 miles of driver training. Defendant pays drivers a set weekly rate for hours spent

7  training.

8    5.4    Defendant has engaged in a common course of failing to pay Plaintiff and Class

9  members at least minimum wage for all hours spent performing many work activities,

10  including but not limited to pickups, deliveries, waiting and detention time, fueling, scaling,

11  loading, washing and cleaning trailers and tractors, unloading, pre-trip and post-trip

12  inspections, communicating with dispatch, completing paperwork, completing online training

13  courses, assisting new driver orientation, transporting drivers to and from Defendant's

14  facilities, and moving trailers at Defendant's facilities.

15    5.5    Defendant has engaged in a common course of encouraging Plaintiff and Class

16  members to perform non-driving work activities while off the clock and in "off-duty" or

17  "sleeper berth" status.

18    5.6    Defendant has had actual or constructive knowledge of the facts set forth in

19  Paragraphs 5.1 through 5.5.

20    5.7    <u>Common Course of Conduct: Failure to Provide Paid Rest Breaks</u>.  Defendant

21  has engaged in a common course of failing to provide Plaintiff and Class members with a paid

22  ten-minute rest break for every four hours of work.

23    5.8    Defendant has engaged in a common course of failing to separately pay Class

24  members for rest breaks, whether received or not, at their average hourly rate.

25    5.9    Defendant has had actual or constructive knowledge of the facts set forth in

26  Paragraphs 5.7 through 5.8.

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    5.10    <u>Common Course of Conduct: Failure to Pay Overtime Wages</u>. Defendant has

2   engaged in a common course of failing to pay overtime wages to Plaintiff and Class members.

3    5.11    Defendant has engaged in a common course of failing to pay overtime wages to

4   Plaintiff and Class members for hours worked in excess of forty hours per week. Defendant's

5   piece-rate compensation system fails to pay drivers the reasonable equivalent of overtime

6   pay.

7    5.12    Defendant has had actual or constructive knowledge of the facts set forth in

8   Paragraphs 5.10 through 5.11.

9    5.13    <u>Common Course of Conduct: Failure to Maintain and Provide Accurate Wage</u>

10   <u>Statements</u>.  Defendant has engaged in a common course of failing to keep true and accurate

11   time records for all hours worked by Plaintiff and Class members.

12    5.14    Defendant has engaged in a common course of failing to provide proper payroll

13   documents to Plaintiff and Class members.

14    5.15    Defendant has had actual or constructive knowledge of the facts set forth in

15   Paragraphs 5.13 through 5.14.

16    **VI.  FIRST CLAIM FOR RELIEF**

17    **(Violations of RCW 49.12.020 and WAC 296-126-092 —**
    **Failure to Provide Paid Rest Periods)**

18    6.1    Plaintiff realleges and incorporates by reference each and every allegation set

19   forth in the preceding paragraphs.

20    6.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington

21   demands that all employees be protected from conditions of labor which have a pernicious

22   effect on their health. The state of Washington, therefore, exercising herein its police and

23   sovereign power declares that inadequate wages and unsanitary conditions of labor exert

24   such pernicious effect."

25

26

27

CLASS ACTION COMPLAINT FOR DAMAGES - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4    Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest . . . periods" for employees.

6.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6    Under Washington law, Defendant has an obligation to separately pay employees for each rest break to which they are entitled, regardless of whether the employees receive those rest breaks.

6.7    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

6.8    As a result of the unlawful acts of Defendant, Plaintiff and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and members of the Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII.  SECOND CLAIM FOR RELIEF
### (Violation of RCW 49.46.090 — Payment of Wages Less than Entitled)

7.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2    RCW 49.46.020 provides that every employer shall pay its employees not less than the minimum hourly wage in effect at the time the work is performed.

7.3    RCW 49.46.090 provides that "[a]ny employer who pays any employee less than wages to which such employee is entitled under or by virtue of [the Minimum Wage Act], shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7.4     By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

7.5     As a result of the unlawful acts of Defendant, Plaintiff and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and members of the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

## VIII.  THIRD CLAIM FOR RELIEF
### (Violations of RCW 49.46.130 – Failure to Pay Overtime Wages)

8.1     Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

8.3     RCW 49.46.130 (f) excludes an individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act (49 U.S.C. Sec. 3101 et seq. and 49 U.S.C. Sec. 10101 et seq.), if the compensation system under which the truck or bus driver is paid includes overtime pay, reasonably equivalent to that required by this subsection, for working longer than forty hours per week. Upon information and belief, Defendant did not employ a "reasonably equivalent" method to pay overtime to Plaintiff and Class members.

8.4     WAC 296-128-012 provides a method for compensating truck drivers for overtime pay. Defendant did not compensate Plaintiff and Class members for overtime hours worked.

8.5     By the actions alleged above, Defendant has violated the provisions of RCW 49.46.130.

8.6     As a result of the unlawful acts of Defendant, Plaintiff and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff

CLASS ACTION COMPLAINT FOR DAMAGES - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and members of the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

### IX.  FOURTH CLAIM FOR RELIEF
### (Violation of RCW 49.48.010 — Unpaid Wages on Termination)

9.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2    RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further provides that "[i]t shall be unlawful for any employer to withhold or divert any portion of an employee's wages . . . ."

9.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010 by failing to pay wages to Plaintiff and Class members for rest breaks, by failing to pay wages to Plaintiff and Class members for all hours of work, and by failing to pay overtime wages to Plaintiff and Class members.

9.4    As a result of the unlawful acts of Defendant, Plaintiff and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and members of the Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

### X.  FIFTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.050 — Willful Deprivation of Wages)

10.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

10.2    RCW 49.52.050(2) provides that "[a]ny employer or officer, vice principal or agent of any employer . . . who . . . [w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is

CLASS ACTION COMPLAINT FOR DAMAGES - 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a

2  misdemeanor.

3        10.3    Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090,

4  RCW 49.46.130, and RCW 49.48.010 as discussed above, were willful and constitute violations

5  of RCW 49.52.050.

6        10.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW

7  49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys'

8  fees, and costs.

9        10.5    As a result of the willful, unlawful acts of Defendant, Plaintiff and members of

10  the Class have been deprived of compensation in amounts to be determined at trial and

11  Plaintiff and members of the Class are entitled to recovery of twice such damages, including

12  interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

13                            **XI.  PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiff, on his own and on behalf of the members of the Class, prays for

15  judgment against Defendant as follows:

16        A.    Certify the proposed Class;

17        B.    Appoint Plaintiff as representative of the Class;

18        C.    Appoint the undersigned attorneys as counsel for the Class;

19        D.    Aware compensatory and exemplary damages to Plaintiff and Class members

20              for violation of Washington's wage and hour laws, in amounts to be proven at

21              trial;

22        E.    Award attorneys' fees and costs to Plaintiff and Class members, as allowed by

23              law;

24        F.    Award prejudgment and post-judgment interest to Plaintiff and Class members,

25              as provided by law;

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    G.    Permit Plaintiff and members of the Class leave to amend the complaint to

2          conform to the evidence presented at trial; and

3    H.    Grant such other and further relief as the Court deems necessary, just, and

4          proper.

5    RESPECTFULLY SUBMITTED AND DATED this 5th day of September, 2017.

6                              TERRELL MARSHALL LAW GROUP PLLC

7

8                         By:  /s/ Toby J. Marshall, WSBA #32726
                              Toby J. Marshall, WSBA #32726
9                              Email: tmarshall@terrellmarshall.com
                              Maria Hoisington-Bingham, WSBA #51493
10                             Email: mhoisington@terrellmarshall.com
                              936 North 34th Street, Suite 300
11                             Seattle, Washington 98103-8869
                              Telephone: (206) 816-6603
12                             Facsimile: (206) 319-5450
13
                              REKHI & WOLK, P.S.
14                             Hardeep S. Rekhi, WSBA #34579
                              Email: hardeep@rekhiwolk.com
15                             Gregory A. Wolk, WSBA #28946
                              Email: greg@rekhiwolk.com
16                             529 Warren Avenue North, Suite 201
                              Seattle, Washington 98109
17                             Telephone: (206) 388-5887
                              Facsimile: (206) 577-3924
18
19
20                             *Attorneys for Plaintiff*
21
22
23
24
25
26
27

CLASS ACTION COMPLAINT FOR DAMAGES - 12