1
2
3
4

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

5
6
7
8
9
10
11

KURT SKAU, on behalf of himself and on behalf
of others similarly situated,

                    Plaintiff,

          v.

JBS CARRIERS, INC., a Delaware corporation,

                    Defendant.

NO. 2:18-cv-00681-RAJ

**PLAINTIFF'S MOTION FOR REMAND**

**NOTED FOR CONSIDERATION:**
**July 6, 2018**

12
13
14
15
16
17
18
19
20
21
22
23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................. 1

II.     STATEMENT OF FACTS ..................................................................... 2

        A.      Factual background .............................................................. 2

        B.      Procedural background ........................................................ 3

III.    AUTHORITY AND ARGUMENT ......................................................... 4

        A.      This case should be remanded because there has been no
                change in circumstances to justify JBS's second petition for removal ............. 4

                1.      JBS's second petition for removal is untimely because
                        the *Chavez* decision does not constitute a change in
                        circumstances ................................................................ 5

                2.      JBS's second petition for removal is improper because *Chavez*
                        does not address the inclusion of future attorneys' fees in
                        the amount in controversy ............................................. 7

        B.      JBS cannot meet its burden of establishing the amount in
                controversy requirement ................................................. 11

        C.      An award of attorneys' fees and costs is appropriate ..................... 14

IV.     CONCLUSION ................................................................................. 15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## TABLE OF AUTHORITIES

Page

2

### FEDERAL CASES

3

*Abrego v. The Dow Chemical Co.*,
  443 F.3d 676 (9th Cir. 2006) ..................................................................... 4, 11

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ................................................................ *passim*

*Consumer Research & Prot., Inc. v. Fred Meyer Stores, Inc.*,
  No. 3:17-CV-00006 JWS, 2017 WL 3037418 (D. Alaska July 18, 2017) ........................ 8

*Dix v. ICT Grp., Inc.*,
  No. CS-03-0315-LRS, 2003 WL 22852135 (E.D. Wash. Oct. 20, 2003) ........................ 13

*Dumbrell v. PowaPos, Inc.*,
  No. 16CV2305-LAB (MDD), 2017 WL 2349062 (S.D. Cal. May 30, 2017) ...................... 9

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005) .................................................................................. 12

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ........................................................................ 12

*Gardynski-Leschuck v. Ford Motor Co.*,
  142 F.3d 955 (7th Cir. 1998) ......................................................................... 7

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) .................................................................... 4, 11

*Gibson v. Chrysler Corp.*,
  261 F.3d 927 (9th Cir. 2001) .................................................................. 12, 13

*Gollner v. Conformis, Inc.*,
  No. 318CV00226MMDVPC, 2018 WL 2323521 (D. Nev. May 18, 2018) ....................... 7

*Grieff v. Brigandi Coin Co.*,
  No. C14–214 RAJ, 2014 WL 2608209 (W.D. Wash. June 11, 2014) ....................... 6, 8, 9

*Holstrom v. Safeco Ins. Co.*,
  No. C12-0506-JCC, Dkt. No. 28 (W.D. Wash. 2012) ........................................... 8

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*James v. Childtime Childcare, Inc.*,
    No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1, 2007) ..................... 7

*Kahlo v. Bank of Am., N.A.*,
    No. C12-0083RSM, 2012 WL 1067237 (W.D. Wash. Mar. 28, 2012) ........................... 8

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ........................................................................... 12, 13

*Keodalah v. Allstate Ins. Co.*,
    No. C15-01412 RAJ, 2016 WL 4543200 (W.D. Wash. Mar. 25, 2016) ......................... 8

*Kerbs v. Safeco Ins. Co. of Ill., Inc.*,
    No. C11-1642 MJP, 2011 WL 6012497 (W.D. Wash. Dec. 1, 2011)............................ 14

*Kirkbride v. Continental Cas. Co.*,
    933 F.2d 729 (9th Cir. 1991) ........................................................................... 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ........................................................................................ 4

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005) ........................................................................... 6

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
    479 F.3d 994 (9th Cir. 2007) ...................................................................... 2, 12

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ........................................................................................ 14

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) ........................................................................ 11

*Matthiesen v. Autozone Stores, Inc.*,
    No. 2:15–CV–0080–TOR, 2015 WL 3453418 (E.D. Wash. May 29, 2015) ..................... 7

*MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*,
    No. 1:12-CV-0131 AWI-BAM, 2012 WL 2118239 (E.D. Cal. June 11, 2012) ................. 8

*Moore v. Permanente Med. Grp. Inc.*,
    981 F.2d 443 (9th Cir. 1992) ........................................................................... 14

*Olson v. Michaels Stores, Inc.*,
    No. CV1703403ABGJSX, 2017 WL 3317811 (C.D. Cal. Aug. 2, 2017) ......................... 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Perez v. WinnCompanies, Inc.*,
No. 1:14-CV-01497-LJO, 2014 WL 5823064 (E.D. Cal. Nov. 10, 2014) ........................ 13

*Rea v. Michaels Stores Inc.*,
742 F.3d 1234 (9th Cir. 2014) ......................................................................... 4, 5, 10, 11

*Reyes v. Dollar Tree Stores, Inc.*,
781 F.3d 1185 (9th Cir. 2015) .................................................................................... 5

*Roth v. Comerica Bank*,
799 F. Supp. 2d 1107 (C.D. Cal. 2010) ................................................................. 2, 12

*Seedman v. U.S. Dist. Court*,
837 F.2d 413 (9th Cir. 1988) ................................................................................ 4, 5, 7

*Sturdevant v. 24 Hour Fitness USA, Inc.*,
No. 3:16-CV-2119-AC, 2017 WL 359175 (D. Or. Jan. 23, 2017)................................... 9

*Thompson v. Big Lots Stores, Inc.*,
No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. Feb 13, 2017)........................ 7

*Thomas v. Powell*,
No. C10-53 MJP, 2010 WL 1849080 (W.D. Wash. May 7, 2010)........................... 14, 15

**FEDERAL STATUTES**

28 U.S.C. § 1332(a) ...................................................................................................... 1, 3

28 U.S.C. § 1446.............................................................................................................. 4

28 U.S.C. § 1453(b) ......................................................................................................... 4

**STATE STATUTES**

RCW 49.48.030 ............................................................................................................. 12

RCW 49.46.090(2)......................................................................................................... 12

RCW 49.52.070 ............................................................................................................. 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## I.  INTRODUCTION

2   Defendant JBS Carriers, Inc. (JBS) first removed this case on October 5, 2017, asserting

3   diversity jurisdiction existed under 28 U.S.C. § 1332(a). The Honorable John C. Coughenour

4   granted Plaintiff Kurt Skau's motion to remand to state court, holding that JBS failed to show

5   the amount in controversy exceeded the jurisdictional limit of $75,000. *Skau v. JBS Carriers,*

6   *Inc.*, 2:17-cv-01499-JCC, Dkt. No. 21 at 4 (Nov. 30, 2017). Judge Coughenour rejected

7   Defendant's argument that future, unaccrued attorneys' fees could be included for purposes

8   of satisfying the amount in controversy. *Id.*

9   JBS has now removed this case for a second time on the same grounds and making the

10  same arguments Judge Coughenour has already rejected. JBS seeks a second bite at the apple

11  based on its misreading of the Ninth Circuit's decision in *Chavez v. JPMorgan Chase & Co.*, 888

12  F.3d 413 (9th Cir. 2018). Despite the fact that *Chavez* does not address future attorneys' fees,

13  JBS relies on *Chavez* to reargue that future attorneys' fees must be considered when

14  determining the amount in controversy. JBS argues that its erroneous reading of *Chavez*

15  constitutes a change of circumstances, allowing JBS to remove this case months after the

16  removal deadline has passed. But *Chavez* does not make any new law and JBS's second

17  petition for removal is therefore untimely. Moreover, because *Chavez* does not address future

18  attorneys' fees, the case does not change the law on which Judge Coughenour relied when he

19  remanded this case this first time, making JBS's second petition improper.

20  JBS also fails to carry its burden to overcome the strong presumption against removal

21  jurisdiction. As the party seeking removal, JBS has the difficult burden of establishing by a

22  preponderance of the evidence that the amount in controversy exceeds $75,000. Even if

23

PLAINTIFF'S MOTION FOR REMAND - 1
CASE NO. 2:18-CV-00681-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    future attorneys' fees could be included in the amount in controversy (they cannot), JBS

2    disregards well-established Ninth Circuit precedent holding that attorneys' fees in class

3    actions cannot be attributed solely to the named plaintiff. Because the Court "cannot base [a

4    finding of] jurisdiction on . . . speculation and conjecture," remand is proper. *Roth v. Comerica*

5    *Bank*, 799 F. Supp. 2d 1107, 1118 (C.D. Cal. 2010) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*,

6    479 F.3d 994, 1002 (9th Cir. 2007)).

7        For these reasons and those that follow, Mr. Skau respectfully requests the Court grant

8    his motion for remand and award him the attorneys' fees and costs he has incurred as a result

9    of JBS's second improper and unreasonable removal of this case.

10                                **II.  STATEMENT OF FACTS**

11   **A.**    **Factual background.**

12       JBS is an interstate and regional truckload transportation company that employs

13   drivers based in the state of Washington. Dkt. No. 1, Ex. A. ¶ 3.2. JBS pays its drivers on a

14   piece-rate basis for each mile driven and for certain other activities. *Id.* ¶ 5.2.

15   Plaintiff Kurt Skau is a former driver employee of JBS who brings this case as a class action on

16   behalf of all similarly situated drivers. *Id.* ¶ 4.1. Mr. Skau alleges that JBS has engaged in a

17   common course of failing to pay drivers at least a minimum wage for all hours spent

18   performing many work activities—including for time spent fueling, scaling, loading, washing

19   equipment, and inspections—and for all hours of work during mandatory orientation and

20   driver training. *Id.* ¶¶ 5.3–5.5. Mr. Skau also alleges that JBS has engaged in a common course

21   of failing to compensate drivers for the rest breaks to which they are entitled under

22   Washington law, failing to pay overtime wages to drivers, and failing to keep true and

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   accurate time records for all hours worked by drivers. *Id.* ¶¶ 5.7–5.15. Finally, Mr. Skau alleges

2   that JBS's violations of Washington law have been willful. *Id.* ¶¶ 10.2–10.5.

3   Mr. Skau seeks damages for uncompensated work time and rest breaks as well as overtime

4   wages. *Id.* ¶¶ 6.1–10.5. Mr. Skau also seeks double damages, attorneys' fees, and costs. *Id.*

5   **B.**     **Procedural background.**

6           On September 5, 2017, Mr. Skau filed this action in King County Superior Court. Dkt.

7   No. 1, Ex. A. On October 5, 2017, JBS filed its first notice of removal to federal court on the

8   purported grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). *Skau v. JBS Carriers, Inc.*,

9   No. 2:17-cv-01499-JCC, Dkt. No. 1 (Oct. 5, 2017). Because JBS improperly relied on an

10  improper estimate of Plaintiff's future attorneys' fees to meet the jurisdictional requirements

11  of 28 U.S.C. § 1332(a), Mr. Skau moved to remand the case. *Id.*, Dkt. No. 13.

12          On November 30, 2017, the Honorable John C. Coughenour granted Mr. Skau's

13  motion, holding that "only attorney fees incurred at the time of removal should be included in

14  the amount in controversy determination." *Id.*, Dkt. No. 21 at 3. At that time, the amount in

15  controversy totaled approximately $53,648 in damages for Mr. Skau's unpaid wages and

16  $14,085 in attorneys' fees, for a total of approximately $67,733. *Id.* at 4. Judge Coughenour

17  held that the amount in controversy requirement for diversity jurisdiction had not been met

18  and that the Court therefore lacked subject matter jurisdiction. *Id.* Judge Coughenour

19  remanded the case to state court. *Id.*

20          On May 10, 2018, JBS removed this case for a second time, asserting there has been a

21  change in law that justifies reconsideration of Judge Coughenour's order remanding this case.

22  Dkt. No. 1 at 3–4.

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### III.  AUTHORITY AND ARGUMENT

**A.      This case should be remanded because there has been no change in circumstances to justify JBS's second petition for removal.**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only where authorized by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, a "strong presumption against removal jurisdiction" exists. *Gaus*, 980 F.2d at 566 (citation omitted). This "jealous restriction" "avoid[s] offense to state sensitiveness" and "reliev[es] federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business." *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

The removal statutes generally require a party to remove a case within 30 days of receiving the complaint. *See* 28 U.S.C. § 1446, 1453(b). The statutes provide an exception to this rule: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after . . . it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3). In other words, a successive removal attempt is untimely and improper if it is based on the same grounds as one the court had previously remanded. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (noting section 1447 prevents a "district court from considering a removal based on the same grounds as one the court had previously remanded") (quoting *Seedman v. U.S. Dist. Court*, 837 F.2d 413, 414

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    (9th Cir. 1988)).

2        A district court will consider a successive petition for removal where "a relevant

3    change of circumstances" exists. *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 732 (9th Cir.

4    1991). A change in circumstances occurs when "subsequent pleadings or events reveal a *new*

5    and *different* ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th

6    Cir. 2015) (emphasis in original) (quoting *Kirkbride*, 933 F.2d at 732). In the Ninth Circuit, an

7    intervening change of law that gives rise to a new basis for subject-matter jurisdiction may

8    constitute a sufficient change in circumstances. *Reyes*, 781 F.3d at 1188 (finding second

9    removal timely because class certification order that expanded the class definition constituted

10   a change of circumstances); *Rea*, 742 F.3d at 1238 (finding second removal timely where

11   remand was based "on grounds that subsequently became incorrect"). Without a change in

12   circumstances, however, a successive petition for removal is untimely and improper. *Reyes*,

13   781 F.3d at 1188.

14       Here, there has been no change in circumstances to justify JBS's second removal.

15   Despite JBS's argument to the contrary, *Chavez* does not change the law; it has long been the

16   law that future lost wages are damages that may be included when calculating the amount in

17   controversy. Moreover, the *Chavez* decision does not address future attorneys' fees. Thus,

18   JBS's second petition is untimely, improper, and unreasonable.

19       1.    JBS's second petition for removal is untimely because the *Chavez* decision
                does not constitute a change in circumstances.

20

21       JBS bases its second petition for removal on the same grounds as its first, again arguing

22   that the amount in controversy is met when future attorneys' fees are included. Judge

23   Coughenour rejected this argument, finding that "only attorney fees incurred at the time of

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    removal should be included in the amount in controversy determination." *Skau v. JBS Carriers,*

2    *Inc.*, 2:17-cv-01499-JCC, Dkt. No. 21 at 4 (Nov. 30, 2017). JBS asserts the Court should

3    reconsider this issue given the Ninth Circuit's decision in *Chavez*. But *Chavez* does not address

4    the issue and does not signal a change in any relevant law. Thus, there has been no change in

5    circumstances to justify JBS's untimely second petition.

6          In *Chavez*, the Ninth Circuit held that future lost wages may be considered for

7    purposes of the amount in controversy. 888 F.3d at 417. There, the plaintiff sued her former

8    employer, alleging wrongful termination and various harassment, discrimination, and

9    retaliation claims. *Id.* at 415. Among other damages, she sought damages for lost wages and

10   loss of future wages. *Id.* The court held that damages for future lost wages may be included in

11   the amount in controversy because they are "<u>damages</u> that are claimed at the time the case is

12   removed by the defendant." *Id*. at 417. (emphasis added). This holding does not signal a

13   change in the law regarding the inclusion of future damages in the amount in controversy

14   calculation. To the contrary, this has been the law in the Ninth Circuit for more than a decade.

15   *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding district court did not

16   err in holding the amount in controversy exceeded $75,000 where the calculation relied on

17   both past and future wages); *see also Grieff v. Brigandi Coin Co.*, No. C14–214 RAJ, 2014 WL

18   2608209 (W.D. Wash. June 11, 2014) (same).

19         In fact, in his first motion for remand, Plaintiff cited to this Court's decision in *Grieff*

20   which similarly held that for purposes of the amount in controversy, damages include "future

21   lost income." *See Grieff*, 2014 WL 2608209, at *3; *see also Skau*, 2:17-cv-01499-JCC, Dkt. No.

22   13 at 4 (Oct. 5, 2017). In *Grieff*, the Court explained that because "jurisdiction depends on the

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   state of affairs when a case arrives in federal court," future lost wages may be included in the

2   amount in controversy. 2014 WL 2608209, at *3 (citing *Gardynski-Leschuck v. Ford Motor Co.*,

3   142 F.3d 955, 958 (7th Cir. 1998)). The Court reasoned that future lost wages are damages

4   that "relate back to the same injury or harm" and therefore provide "a remedy for an injury

5   suffered prior to the case arriving in federal court." *Id.* Courts in this district have long agreed.

6   *See, e.g.*, *Matthiesen v. Autozone Stores, Inc.*, No. 2:15–CV–0080–TOR, 2015 WL 3453418, at

7   *3 (E.D. Wash. May 29, 2015) (including damages for past and future lost wages in amount in

8   controversy calculation); *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017

9   WL 590261, at *4 (E.D. Cal. Feb 13, 2017) ("[T]he Court may calculate lost income to include

10  both past and future lost income in determining the amount in controversy."); *James v.*

11  *Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *4 n.1 (E.D. Cal.

12  June 1, 2007) (finding that the court "may consider both past and future lost wages" for

13  purposes of amount in controversy). Thus, *Chavez* does not announce a change in the law.

14  JBS was well-aware of the present state of the law pertaining to future damages when it filed

15  its second petition for removal. *See Skau*, 2:17-cv-01499-JCC, Dkt. No. 13 at 4. There has been

16  no change in circumstances to justify JBS's second petition. Thus, JBS's second petition for

17  removal is untimely.

18          2.      JBS's second petition for removal is improper because *Chavez* does not
                    address the inclusion of future attorneys' fees in the amount in controversy.

19

20  JBS's petition is also improper because it is "based on the same grounds" as the first. *Gollner*

21  *v. Conformis, Inc.*, No. 318CV00226MMDVPC, 2018 WL 2323521, at *1 (D. Nev. May 18, 2018)

22  (holding that court did not have jurisdiction over second removal attempt based on the same

    grounds as the first) (quoting *Seedman*, 837 F.2d at 414). Specifically, JBS again argues that

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   the amount in controversy is met when future attorneys' fees are included. Judge Coughenour

2   properly rejected this same argument when JBS removed this case the first time and there has

3   been no intervening change in the law on which Judge Coughenour relied to support his

4   decision. *Skau*, 2:17-cv-01499-JCC, Dkt. No. 21 at 3 (Nov. 30, 2017) (citing *Holstrom v. Safeco*

5   *Ins. Co.*, No. C12-0506-JCC, Dkt. No. 28 at 4 (W.D. Wash. 2012)).

6        To the contrary, courts in this district overwhelmingly agree that it is improper for the

7   amount in controversy to include an estimate of <u>future</u> fees. *See id.* ("[O]nly attorney fees

8   incurred at the time of removal should be included in the amount in controversy

9   determination.") (citing cases); *Keodalah v. Allstate Ins. Co.*, No. C15-01412 RAJ, 2016 WL

10  4543200, at *4 (W.D. Wash. Mar. 25, 2016) ("Courts in this district have held that future

11  attorney fees should not be considered when determining the amount in controversy.");

12  *Grieff*, 2014 WL 2608209, at *3 ("[F]uture attorney's fees not yet incurred are not an amount

13  in controversy at the time of removal.") (internal quotation omitted); *Kahlo v. Bank of Am.,*

14  *N.A.*, No. C12-0083RSM, 2012 WL 1067237, at *3 (W.D. Wash. Mar. 28, 2012) (rejecting

15  "defendants' inclusion of plaintiff's attorney's fees as speculative and unsupported" and

16  finding "they cannot be included in determining the amount in controversy.").

17       While the Ninth Circuit has not resolved this issue, "it appears that a nascent

18  consensus may be emerging among the district courts of this Circuit, finding that attorneys'

19  fees not yet incurred may not be included in the amount in controversy calculation." *MIC*

20  *Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, No. 1:12-CV-0131 AWI-BAM, 2012 WL 2118239,

21  at *5 (E.D. Cal. June 11, 2012); *see also Consumer Research & Prot., Inc. v. Fred Meyer Stores,*

22  *Inc.*, No. 3:17-CV-00006 JWS, 2017 WL 3037418, at *2 (D. Alaska July 18, 2017) ("[A]ttorney's

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   fees associated with post-removal legal services may not be included in determining the

2   amount in controversy."); *Dumbrell v. PowaPos, Inc.*, No. 16CV2305-LAB (MDD), 2017 WL

3   2349062, at *1 (S.D. Cal. May 30, 2017) (internal citation omitted) ("[L]egal expenses that lie

4   in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's

5   demand are not an amount 'in controversy' when the suit is filed."); *Sturdevant v. 24 Hour

6   Fitness USA, Inc.*, No. 3:16-CV-2119-AC, 2017 WL 359175, at *3 (D. Or. Jan. 23, 2017)

7   ("[U]naccrued attorney fees are not part of the amount in controversy.").

8          The Ninth Circuit's decision in *Chavez* does not alter the principle that future

9   attorneys' fees are not included in the amount in controversy. Indeed, the opinion does not

10  address future attorneys' fees. *See generally Chavez*, 888 F.3d 413. That the Court's holding is

11  limited to damages is demonstrated throughout the opinion. *See, e.g., id.* at 414 ("[The

12  amount in controversy] is not limited to wages a plaintiff-employee would have earned before

13  removal") (emphasis added); *id.* at 418 ("Where, as here, a plaintiff's complaint at the time of

14  removal claims wrongful termination resulting in lost future wages, those future wages are

15  included in the amount in controversy.") (emphasis added).

16         Recognizing that *Chavez* does not address the issue, JBS argues that the holding in

17  *Chavez* regarding future lost wages extends to the inclusion of future attorneys' fees. Dkt. No.

18  1 at 3. It does not. While future damages relate to the injury at issue and are ascertainable

19  when the case arrives in federal court, future attorneys' fees are attenuated and speculative

20  in nature.

21         In *Grieff*, this Court considered this exact issue and concluded that while future

22  damages may be included in the amount in controversy, future attorneys' fees are far too

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    speculative. 2014 WL 2608209, at *3. The Court explained that federal court jurisdiction is

2    determined when a case first arrives in federal court, whether originally filed by a plaintiff,

3    removed by defendant, or by some other method. *Id*. The Court concluded that future

4    damages may be included in the amount in controversy because "damages, including future

5    damages, provide a remedy for an injury suffered prior to the case arriving in federal court."

6    *Id*. In contrast, legal fees accrue on an ongoing basis for work performed by counsel, and the

7    amount is largely dependent on legal strategy and on events in the control of the parties. *Id*.

8    Legal fees may also be avoided, such as by prompt settlement, or may accrue over years if a

9    party takes an aggressive litigation strategy. *Id*. "Thus, future legal fees are distinct from

10   future damages since the amount of future legal fees are in the control of the client or

11   counsel, and any amount of legal fees that might be awarded . . . would not provide a remedy

12   for any injury suffered prior to arriving in federal court." *Id*. The Ninth Circuit's holding in

13   *Chavez* regarding future damages is therefore inapposite.

14          Because *Chavez* does not change any relevant law or even address the inclusion of

15   future attorneys' fees in the amount in controversy calculation, JBS's reliance on *Rea* is

16   misplaced. 742 F.3d at 1238. In *Rea*, the district court previously remanded the case because

17   of damages waivers that limited any recovery at or above the amount in controversy

18   requirement. *Id.* at 1236. The defendant's second removal followed a newly issued Supreme

19   Court decision that explicitly prohibited such damages waivers. *Id.* at 1237–38. Unlike *Rea*, the

20   *Chavez* decision does not render the basis for Judge Coughenour's remand order incorrect

21   because *Chavez* does not change any relevant law, let alone the law regarding future

22   attorneys' fees.

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    As a last-ditch effort to inflate the amount in controversy, JBS argues that the fees Mr.

2    Skau has incurred since JBS's first unsuccessful petition for removal should be included and

3    are likely sufficient to meet the amount in controversy requirement. Dkt. No. 1 at 9–10. JBS

4    cannot file successive improper and untimely petitions for removal until Mr. Skau has incurred

5    attorneys' fees sufficient to meet the amount in controversy requirement. JBS's second

6    petition is untimely and improper. Any fees Mr. Skau has incurred since the first removal are

7    therefore irrelevant. Moreover, as set forth below, even if all current fees are included, the

8    amount in controversy would still fall short of the jurisdictional requirement when the fees

9    are properly divided among class members.

10    In short, *Chavez* does not change the law and does not alter the principle that future

11    attorneys' fees are not considered part of the amount in controversy. Thus, JBS's second

12    attempt at removal is "based on the same grounds" as the first and is therefore improper. *See*

13    *Rea*, 742 F.3d at 1238. The Court should remand this case to state court.

14    **B.    JBS cannot meet its burden of establishing the amount in controversy requirement.**

15    The removing party bears the burden of establishing that federal jurisdiction exists.

16    *Abrego*, 443 F.3d at 682–83. "Where it is not facially evident from the complaint that more

17    than $75,000 is in controversy, the removing party must prove, by a preponderance of the

18    evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v.*

19    *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). To meet its burden, the

20    removing party must set forth "in the removal petition itself, the underlying facts supporting

21    its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567. "[A]

22    court 'cannot base [a finding of] jurisdiction on a [d]efendant's speculation and conjecture.'"

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Roth*, 799 F. Supp. 2d at 1118 (brackets in original) (quoting *Lowdermilk*, 479 F.3d at 1002). JBS

2   fails to carry its burden of proving by a preponderance of the evidence that the amount in

3   controversy exceeds $75,000 because attorneys' fees must be allocated among all class

4   members.

5          Any potential attorneys' fee award in a class action "cannot be allocated solely to

6   [named] plaintiffs for purposes of amount in controversy" unless the underlying statute limits

7   an award of attorneys' fees only to the named plaintiffs. *Gibson v. Chrysler Corp.*, 261 F.3d

8   927, 942 (9th Cir. 2001) (attorneys' fees are not attributed solely to named plaintiffs under

9   statute authorizing award of attorneys' fees "to a successful party"), holding modified on

10  other grounds by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Kanter v.*

11  *Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (potential attorneys' fees under statute

12  authorizing fees "to a prevailing plaintiff . . . must be divided among all members of the

13  plaintiff class for purposes of amount in controversy").

14         Mr. Skau seeks attorneys' fees on behalf of himself and the proposed class under

15  Washington's Minimum Wage Act (chapter 49.46 RCW), Wage Payment Act (chapter 49.48

16  RCW), and Wage Rebate Act (chapter 49.52 RCW). *See* Dkt. No. 1, Ex. A ¶¶ 6.8, 7.5, 8.6, 9.4,

17  10.5. None of these statutes limit the award of attorneys' fees to only the named

18  representative. *See* RCW 49.46.090(2) (authorizing award of attorneys' fees to "any employee

19  paid less than the amounts to which he or she is entitled under [the Minimum Wage Act]");

20  RCW 49.48.030 (authorizing attorneys' fees to "any person . . . successful in recovering

21  judgment for wages or salary owed to him or her"); RCW 49.52.070 (authorizing award of

22  attorneys' fees to "the aggrieved employee"). Thus, any future attorneys' fees must be

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   allocated among the entire proposed class.

2       Applying *Gibson* and *Kanter*, district courts in the Ninth Circuit have held that

3   attorneys' fees must be allocated to all proposed class members for purposes of calculating

4   the amount in controversy under statutes with language similar to Washington's wage

5   statutes. *See Dix v. ICT Grp., Inc.*, No. CS-03-0315-LRS, 2003 WL 22852135, at *5–6 (E.D. Wash.

6   Oct. 20, 2003) (holding "the claims of the class members are separate and distinct and

7   therefore cannot be aggregated to arrive at the jurisdictional amount" under Washington CPA

8   provision authorizing award of attorneys' fees to "[a]ny person who is injured"); *Olson v.*

9   *Michaels Stores, Inc.*, No. CV1703403ABGJSX, 2017 WL 3317811, at *4–5 (C.D. Cal. Aug. 2,

10  2017) (holding the named plaintiff "put in controversy only his *pro rata* share of attorneys'

11  fees" under statute permitting award of attorneys' fees to "any employee who prevails");

12  *Perez v. WinnCompanies, Inc.*, No. 1:14-CV-01497-LJO, 2014 WL 5823064, at *10 (E.D. Cal.

13  Nov. 10, 2014) (holding attorneys' fees may not be allocated only to named plaintiff under

14  statute authorizing award of attorneys' fees "to the employee").

15      JBS has failed to present evidence showing that Mr. Skau's pro rata share of attorneys'

16  fees, even inclusive of any future attorneys' fees, is sufficient to exceed the amount in

17  controversy. As of the date of JBS's second notice of removal, Mr. Skau's attorneys have

18  incurred $49,707.52 in total fees. Declaration of Toby J. Marshall ("Marshall Decl.") ¶ 3;

19  Declaration of Gregory A. Wolk ¶ 2. When those fees are divided among the twenty proposed

20  class members, $2,485.38 is attributable to Mr. Skau. Marshall Decl. ¶ 4. JBS calculates that

21  Mr. Skau's damages total $53,648.66. Dkt. No. 1 at 8–9. This brings the total amount in

22  controversy to $56,134.04—still $18,865.96 short of the jurisdictional requirement. Marshall

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Decl. ¶ 5. The undersigned attorneys would need to incur an additional $377,319.20 in future

2   fees for Mr. Skau's pro rata share to bring the amount in controversy up to $75,000. Marshall

3   Decl. ¶ 6.

4        It is highly unlikely that Mr. Skau's attorneys will incur $377,319.20 more in fees. Both

5   parties have expressed a willingness to resolve this case and agree that this case is well-suited

6   for early resolution. *Id.* ¶ 7. The parties are cooperating in good faith to exchange the

7   information necessary to participate in well-informed settlement negotiations. *Id.* The future

8   fees that Mr. Skau's attorneys will incur is entirely dependent on the success of the parties'

9   negotiations, which cannot be predicted at this time.

10       Thus, even if the Court finds that future attorneys' fees may be considered in

11  determining the amount in controversy, JBS has failed to prove that Mr. Skau's share of fees

12  would be sufficient to meet the jurisdictional requirement. The Court should remand this

13  case.

14  **C.      An award of attorneys' fees and costs is appropriate.**

15       Federal law expressly permits an award "of just costs and any actual expenses,

16  including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). No finding of

17  bad faith or improvidence is required. *Moore v. Permanente Med. Grp. Inc.*, 981 F.2d 443, 446

18  (9th Cir. 1992). Rather, an award of attorneys' fees and costs is proper if there was no

19  "objectively reasonable basis" for removal. *Kerbs v. Safeco Ins. Co. of Ill., Inc.*, No. C11-1642

20  MJP, 2011 WL 6012497, at *4 (W.D. Wash. Dec. 1, 2011) (citing *Martin v. Franklin Capital*

21  *Corp.*, 546 U.S. 132, 140 (2005)). The purpose of the award "is simply reimbursement to

22  plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Thomas v. Powell*, No.

23

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   C10-53 MJP, 2010 WL 1849080, at *3 (W.D. Wash. May 7, 2010) (quoting *Moore*, 981 F.2d at

2   447).

3         JBS lacked an objectively reasonable basis for removing this case to federal court and

4   caused Mr. Skau to incur unnecessary attorneys' fees and litigation expenses. JBS has ignored

5   Judge Coughenour's order holding that future attorneys' fees may not be considered part of

6   the amount in controversy and has misrepresented the Ninth Circuit's holding in *Chavez* in an

7   attempt to relitigate the issue. *Chavez* makes no mention future attorneys' fees in the context

8   of the amount in controversy, and it certainly does not alter the law pertaining to unaccrued

9   and speculative fees. The Court has already disposed of this issue and remanded this case to

10  state court. JBS provides no new or different grounds for removal to justify reconsideration of

11  this issue.

12        Because JBS has provided no basis—let alone an objectively reasonable basis—for

13  removal, Mr. Skau should be reimbursed for the unnecessary attorneys' fees and costs he

14  incurred. If the Court agrees, Mr. Skau will timely submit a statement of the attorneys' fees

15  and costs he has incurred in relation to JBS's improper removal.

16                              **IV.  CONCLUSION**

17        For the foregoing reasons, Mr. Skau respectfully asks the Court to grant his motion for

18  remand and award him the attorneys' fees and costs he incurred in challenging JBS's improper

19  removal.

20

21

22

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 11th day of June, 2018.

2                                    TERRELL MARSHALL LAW GROUP PLLC

3

4                            By:   /s/ Toby J. Marshall, WSBA #32726
                                   Toby J. Marshall, WSBA #32726
5                                  Email: tmarshall@terrellmarshall.com
                                   Maria Hoisington-Bingham, WSBA #51493
6                                  Email: mhoisington@terrellmarshall.com
                                   936 North 34th Street, Suite 300
7                                  Seattle, Washington 98103-8869
                                   Telephone: (206) 816-6603
8                                  Facsimile: (206) 319-5450

9                                  Hardeep S. Rekhi, WSBA #34579
                                   Email: hardeep@rekhiwolk.com
10                                 Gregory A. Wolk, WSBA #28946
                                   Email: greg@rekhiwolk.com
11                                 REKHI & WOLK, P.S.
                                   529 Warren Avenue North, Suite 201
12                                 Seattle, Washington 98109
                                   Telephone: (206) 388-5887
13                                 Facsimile: (206) 577-3924

14                                 *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**CERTIFICATE OF SERVICE**

2      I, Toby J. Marshall, hereby certify that on June 11, 2018, I electronically filed the

3 foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4 such filing to the following:

5              Michael J. Killeen, WSBA #7837
               Email: mikekilleen@dwt.com
6              Harry J. F. Korrell, WSBA #23173
               Email: harrykorrell@dwt.com
7              Ryan C. Hess, WSBA #50738
               Email: ryanhess@dwt.com
8              N. Joe Wonderly, WSBA #51925
               Email: joewonderly@dwt.com
9              Email: cindylein@dwt.com
               Email: lindseystrickland@dwt.com
10             DAVIS WRIGHT TREMAINE LLP
               1201 Third Avenue, Suite 2200
11             Seattle, Washington 98101
               Telephone: (206) 622-3150
12             Facsimile: (206) 757-7700

13             Devin M. Smith, WSBA #42219
               Email: devinsmith@dwt.com
14             DAVIS WRIGHT TREMAINE LLP
               777 – 108th Avenue NE, Suite 2300
15             Bellevue, Washington 98004-5149
               Phone: (425) 646-6100
16             Facsimile: (425) 646-6199

17             Jonathon Watson, *Admitted Pro Hac Vice*
               Email: jwatson@shermanhoward.com
18             Email: jkorte@shermanhoward.com
               Email: kedinger@shermanhoward.com
19             Email: lhowell@shermandhoward.com
               SHERMAN & HOWARD LLC
20             633 Seventeenth Street, Suite 3000
               Denver, Colorado 80202
21             Telephone: (303) 299-8286
               Facsimile: (303) 298-0940

22
               *Attorneys for Defendant*

23

PLAINTIFF'S MOTION FOR REMAND - 17
CASE NO. 2:18-CV-00681-RAJ

1    DATED this 11th day of June, 2018.

2                               TERRELL MARSHALL LAW GROUP PLLC

3                               By:   /s/ Toby J. Marshall, WSBA #32726
                                      Toby J. Marshall, WSBA #32726
4                                     Email: tmarshall@terrellmarshall.com
                                      936 North 34th Street, Suite 300
5                                     Seattle, Washington 98103
                                      Telephone: (206) 816-6603
6                                     Facsimile: (206) 319-5450

7                               *Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com