THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT SKAU, on behalf of himself and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JBS CARRIERS, INC., a Delaware corporation,<br><br>Defendant. | No. 2:18-CV-00681-RAJ<br><br>DEFENDANT JBS CARRIERS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>**[NOTE ON MOTION CALENDAR: July 6, 2018]** |

## INTRODUCTION

The majority of issues relating to this Court's jurisdiction under 28 U.S.C. §§ 1446, 1332 are not in dispute. The parties agree there is complete diversity between Plaintiff and JBS Carriers, Inc. ("JBS"), and the parties agree that the total amount of Plaintiff's alleged unpaid wages, including double damages, is $53,648.66.[1] The parties also agree that some portion of the $49,707.52 in attorneys' fees Plaintiff has *already* incurred must be included when determining the amount in controversy.

Where the parties diverge, however, is with regard to the scope and application of the Ninth Circuit's decisions in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), and whether attorneys' fees incurred after removal may properly be considered when determining the amount in controversy. In the Motion to Remand ("Motion"), Plaintiff argues

---

[1] As in the Notice, Defendant assumes Plaintiff would be entitled to the damages, including reasonable attorney's fees, calculated herein without admitting any liability or waiving its right to ultimately contest the amount of wages due, if any, should Plaintiff prevail with respect to any of his claims.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 1
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

that *Chavez* did not address whether all attorneys' fees accrued during the course of a case may be considered as part of the amount in controversy. Motion, pp. 10-16,[2] Dkt. 13. Plaintiff misreads *Chavez*.

In *Chavez*, the Ninth Circuit held "that the amount in controversy is not limited to damages incurred prior to notice of removal," but that it "encompasses **all relief** a court may grant on [the] complaint if the plaintiff is victorious." 888 F.3d at 414-15 (emphasis added). "All relief [the] court may grant on [the] complaint if plaintiff is victorious" here includes attorneys' fees incurred by Plaintiff's counsel after the date in which JBS filed the Second Notice of Removal. Every court to consider this issue following *Chavez* has similarly interpreted *Chavez's* holding to include post-removal attorneys' fees in the amount in controversy calculation. *See Bernstein v. BMW of N. Am., LLC*, No. 18-CV-01801-JSC, 2018 WL 2210683, at *2 fn. 3 (N.D. Cal. May 15, 2018); *Lucas v. Michael Kors (USA), Inc.*, No. 18-cv-1608-MWF, 2018 WL 2146403, at *11 (C.D. Cal. May 9, 2018). As discussed in more detail below, including all attorneys' fees that may be incurred during the course of litigating this case pursuant to *Chavez* puts the amount in controversy over the jurisdictional minimum. The Court should deny Plaintiff's Motion.

## **FACTUAL AND PROCEDURAL HISTORY**

On September 5, 2017, Plaintiff Kurt Skau commenced a civil action in King County Superior Court against JBS. On October 5, 2017, JBS filed a Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b)(1) ("First Removal"). On November 30, 2017, Judge Coughenour granted Plaintiff's Motion to Remand, holding that "an estimate of future attorney fees [may not] be used to satisfy the amount in controversy requirement." *Skau v. JBS Carriers, Inc.*, 2:17-cv-014990JCC (Nov. 30, 2017), p. 4, Dkt. 21. Because Plaintiff had incurred $14,085 in attorneys' fees at the time of JBS' First Removal, Judge Coughenour found the amount in controversy was $7,266.34 short of the jurisdictional threshold. *Id.*

---

[2] For purposes of this Response, JBS cites to the page numbers stamped on the top margin by the EM/ECF filing system.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 2
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

At the time of Judge Coughenour's Order, the Ninth Circuit had not spoken on the issue of whether all attorneys' fees that will be incurred during the course of a case should be considered when determining the amount in controversy. Following Judge Coughenour's Order, on April 20, 2018, the Ninth Circuit issued a decision in *Chavez*, which resolved this question in the affirmative. 888 F.3d at 416-17. In light of the Ninth Circuit's decision in *Chavez*, on May 11, 2018, JBS filed a new Notice of Removal ("Second Removal"). Dkt. 1. The Second Removal is founded on the Ninth Circuit's holding in *Chavez* that "all relief" claimed at the time of removal to which the Plaintiff, if he prevails, would be entitled regardless of the "mere futurity" of such relief, must be considered as part of the amount in controversy when determining the Court's jurisdiction. Here, that relief includes post-removal attorneys' fees. Thus, the Second Removal is based on new law in the Ninth Circuit regarding the methodology for calculating the amount in controversy. On June 11, 2018, Plaintiff filed a Motion to remand this case back to state court. Plaintiff's Motion should be denied.

## DISCUSSION

### A. *Chavez* Constitutes a Relevant Change of Circumstances Justifying A Successive Petition for Removal.

The parties agree that new case law properly constitutes a relevant change of circumstance justifying a successive petition for removal. Motion, p. 10, Dkt. 13 (citing *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) and *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014)). Plaintiff, however, maintains that "*Chavez* does not change the law; it has long been the law that future lost wages are damages that may be included when calculating the amount in controversy" and "*Chavez* does not address future attorneys' fees." Motion, p. 10, Dkt. 13. Plaintiff reads *Chavez* too narrowly.

    i. <u>Chavez stands for the proposition that all relief Plaintiff could recover, including post-removal attorneys' fees, should be included in the amount in controversy calculation.</u>

In *Chavez*, the Ninth Circuit considered whether the amount in controversy was satisfied for diversity jurisdiction in a matter alleging disability discrimination and retaliation.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 3
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

888 F.3d at 415. As the court noted, the purpose of the opinion was "to clarify what it means to say that the amount in controversy is determined as of 'the time of removal.'" *Id.* at 414-15 (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). In so doing, the court broadly stated:

> We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.

*Id.* at 414-15. The Ninth Circuit also directed trial courts to "consider damages that are claimed at the time the case is removed" and it stated, "[t]hat the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Id.* at *417 (emphasis in original). Thus, according to the Ninth Circuit, the operative issue is not whether the damages have been incurred prior to removal, but the total extent of relief Plaintiff would recover if he is victorious.

Plaintiff argues that the court's consideration of future damages is limited to unearned *wages* and does not extend to other claimed relief, including attorneys' fees. Motion, p. 11, Dkt. 13 (referring to *Chavez* and asserting that "the court held that damages for future lost wages may be included in the amount in controversy . . . ."). The court, however, did not limit its holding to wages; instead, it referred to "all relief" sought by the complaint, including "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." 888 F.3d at 416 (internal quotation marks omitted). As outlined in the Complaint here, Plaintiff seeks unpaid wages, double damages for the unpaid wages, and attorneys' fees. Cmplt. ¶¶ 6.1 to 10.5; Prayer for Relief, Dkt. 1. Under the plain language of *Chavez*, all of the relief sought by Plaintiff in the Complaint must be included in the amount in controversy, regardless of whether it is accrued after the Second Notice.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 4
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  Moreover, the Ninth Circuit's reference to plaintiff-Chavez's unearned wages was
2  merely an "example," and did not reflect the court's intention to limit amount in controversy
3  analysis to future unearned wages only. *See* 888 F.3d at 414-15 ("the amount in controversy is
4  not limited to damages incurred prior to removal – *for example*, it is not limited to wages a
5  plaintiff-employee would have earned before removal (as opposed to after removal).")
6  (emphasis added). Indeed, according to the Ninth Circuit, it was unnecessary for it to consider
7  the other relief plaintiff sought, including punitive damages and attorneys' fees, because her
8  unearned wages were alone sufficient to satisfy the amount in controversy. *Id.* at 417 ("Thus,
9  Chavez's prayer for past and future lost wages by itself exceeds $75,000, *even before factoring*
10 *in* non-economic and punitive damages, attorneys' fees, or other requested relief.") (emphasis
11 added). This statement alone demonstrates the Ninth Circuit's intention that all relief sought –
12 including post-removal attorneys' fees – should be included in the amount in controversy
13 calculation. Thus, *Chavez* dictates that all relief sought in a complaint, including attorneys'
14 fees, may be included in the amount in controversy calculation regardless of whether they are
15 incurred after removal.

16 JBS has been able to locate only two cases to interpret whether post-removal attorneys'
17 fees should be included in the amount in controversy calculation following *Chavez*. Both
18 conclude that *Chavez* expresses the Ninth Circuit's intent for all attorneys' fees to be included
19 in the amount in controversy calculation, regardless of when they are incurred. In *Bernstein v.*
20 *BMW of N. Am., LLC*, No. 18-CV-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15,
21 2018) the court found the amount in controversy requirement for diversity jurisdiction was
22 satisfied. The court analyzed *Chavez* in a footnote, stating that *Chavez* stands for the
23 proposition that "the attorneys' fees in the context of the amount in controversy requirement
24 should be calculated based on the *total* possible recovery and not just the fees incurred to date –
25 resolving a previously unresolved question." *Berenstein,* at * 2 fn.3 (emphasis in original).
26 Similarly, in *Lucas v. Michael Kors (USA), Inc.*, No. 18-cv-1608-MWF, 2018 WL 2146403
27 (C.D. Cal. May 9, 2018), the court began by noting the "split among district courts, as well as

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 5
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

appellate courts, regarding when to measure attorneys' fees for purposes of determining the amount in controversy . . . ." *Id.* at *10. The court next noted the Ninth Circuit's decision in *Chavez*, and concluded that *Chavez's* "broad holding strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees." *Lucas*, at *11. Thus, not only does the plain text of *Chavez* support inclusion of post-removal attorneys' fees in the amount in controversy calculation, but all other courts to interpret *Chavez* agree with this approach.

ii. <u>JBS' Second Notice is not based on the same grounds as the First Notice.</u>

At the time of JBS' First Notice, the law in the Ninth Circuit with regard to whether all attorneys' fees that may be incurred during litigation can properly be considered when determining the amount in controversy was unsettled. *Skau v. JBS Carriers, Inc.*, 2:17-cv-014990JCC (Nov. 30, 2017), pp. 2-3, Dkt. 21 ("The Ninth Circuit has not resolved this issue."); *see also Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016); *Grieff v. Brigandi Coin Co.*, No. C14-214 RAJ, 2014 WL 2608209, at *2 (W.D. Wash. June 11, 2014) ("The Ninth Circuit has not squarely addressed whether future attorney's fees should be included in calculating the amount in controversy, and district courts in the Ninth Circuit are split on this issue."). *Chavez* resolved this open question in the affirmative. *See Bernstein*, 2018 WL 2210683, at *2 fn.3 (noting that *Chavez* resolved the "previously unresolved question" of whether post-removal attorneys' fees may be included in the amount in controversy calculation). JBS' Second Notice was founded entirely on this intervening change in law. As such, JBS' Second Notice is not based on the same grounds as the first. *See Rea*, 742 F.3d at 1238 (finding second removal appropriate where remand was based "on grounds that subsequently became incorrect"). Similar to *Rea*, here, Judge Coughenour's order remanding this case "subsequently became incorrect" because of the Ninth Circuit's holding in *Chavez*. Thus, the Second Notice was an appropriate successive removal, and the Court should deny Plaintiff's Motion.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 6
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

      iii.      <u>JBS' Second Notice was timely under 28 U.S.C. § 1446(b)(3).</u>

JBS' Second Notice was timely filed following the *Chavez* decision. Section 1446(b)(3) states: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Because *Chavez* resolved the issue of whether all attorneys' fees that may be accrued during the litigation of an action should be included in the amount in controversy calculation – as explained above – *Chavez* constitutes an "order or other paper from which it may first be ascertained that the case is one which . . . has become removable." *Chavez* was published on April 20, 2018. *See generally* 888 F.3d 413. JBS' Second Notice was filed on May 10, 2018. Notice, Dkt. 1. Accordingly, JBS' Second Notice was timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**B.    The Amount in Controversy Exceeds $75,000.**

      i.      <u>Plaintiff has placed at least $53,648.66 in alleged unpaid wages and double damages in controversy.</u>

Plaintiff seeks to recover unpaid wages for allegedly unpaid overtime, rest periods, off-the-clock work, minimum wage for training and orientation work, and double damages for those alleged unpaid wages. In total, Plaintiff has put $53,648.66 of alleged unpaid wages and double damages in controversy. Notice, Dkt. No. 1, ¶¶ 15-20. Plaintiff does not dispute this calculation.

      ii.      <u>Plaintiff's attorneys' fees have already exceeded $21,351.35.</u>

It is well-established that attorneys' fees allowed by statute are properly included in the amount-in-controversy calculation. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998). Because Plaintiff has put $53,648.66 of alleged unpaid wages and double damages in controversy, he need only accrue $21,351.35 in attorneys' fees to exceed the amount in controversy requirements for diversity jurisdiction ($75,000.01 - $53,648.66 = $21,351.35). As

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 7
(Case No. 2:18-CV-00681-RAJ )
48638191.1

of JBS' Second Notice, Plaintiff had accrued $49,707.52 in attorneys' fees.[3] Motion, p. 18, Dkt. 13. Thus, based on Plaintiff's currently accrued fees, the amount in controversy exceeds $75,000 ($53,648.66 + $49,707.52 = $103,356.18).

The Court should not divide the currently accrued attorneys' fees among all putative class members. Plaintiff's proposed class has not been certified and, as such, all of the work done by Plaintiff's attorneys has, thus far, been for the sole benefit of Plaintiff individually. Because the work done and fees incurred have been for the sole benefit of Plaintiff, the Court should not attribute the previously accrued fees to all putative class members. Because Plaintiff's currently accrued attorneys' fees coupled with his potential damages recovery exceeds $75,000, the amount in controversy requirement is met and the Motion should be denied.

iii. <u>Even if Plaintiff's attorneys' fees are allocated to each putative class member, the amount in controversy exceeds $75,000.</u>

Even if the Court allocates attorneys' fees to all putative class members,[4] the amount in controversy still exceeds $75,000. There are no more than 20 putative class members involved in this case.[5] Declaration of Toby Marshall, ¶ 4, Dkt. 14. If Plaintiff's previously incurred attorneys' fees is allocated to all 20 putative class members, then Plaintiff has currently placed $56,134.04 in controversy ($49,707.52 in attorneys' fees to date divided by 20 putative class members = $2,485.38; $53,648.66 in alleged unpaid wages and double damages + $2,485.38 = $56,134.04). Plaintiff need only occur $18,865.97 in his share of additional attorneys' fees for the amount in controversy to be satisfied ($75,000.01 - $56,134.04 = $18,865.97 in Plaintiff's

---

[3] Notably, Plaintiff's $49,707.52 in attorneys' fees neither includes fees incurred as part of his attorneys' preparation of the Motion, nor fees incurred while preparing the Reply.

[4] Plaintiff defines the proposed class as "All current and former employees of JBS Carriers, Inc. who worked as drivers for the company while residing in the State of Washington at any time between September 5, 2014 and the date of the final disposition of this action." Complt. ¶ 4.1.

[5] Two of the drivers disclosed through discovery left JBS before ever driving a route and, therefore, are not members of Plaintiff's proposed class. Thus, the actual size of the putative class is only 18 people. It is unnecessary for the Court to analyze driving records and determine the class size at this time, however, because even assuming the class consists of 20 drivers, the amount in controversy requirement is still satisfied.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 8
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

pro rata share of attorney's fees). Thus, for Plaintiff's pro rata share of attorney's fees to put the amount in controversy over $75,000, Plaintiff's attorneys will have to incur a total of $377,319.40 in additional fees before this case is resolved ($75,000.01 - $56,134.04 = $18,865.97 in Plaintiff's pro rata share of attorney's fees; $18,865.97 x 20 putative class members = $377,319.40 in additional fees). Based on the evidence available, the Court can reasonably estimate Plaintiff will incur $377,319.40 in additional fees before this case is resolved.

Courts consider awards in analogous cases, the various tasks to be completed by both sides, as well as the hourly rates of the attorneys involved to determine a reasonable estimate of fees for the amount in controversy. *See Roe v. Teletech Customer Care Mgmt. (Colo.), LLC*, Case No. C07–5149-RBL, 2007 WL 1655172, *4 (W.D. Wash. June 6, 2007) ("Accordingly, it is the Court's view that a reasonable, informed estimation of fees, based on the various tasks to be accomplished by both sides, and the hourly rates of the attorneys who will conduct those tasks (including future attorney's fees), properly comprise the evidence that can and should be considered in evaluating the amount in controversy for jurisdictional purposes.") (internal citations and emphasis omitted); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (relying on declarations that provided attorney's hourly rate and provided information regarding fee awards in similar cases to determine the amount of attorneys' fees for amount-in-controversy purposes); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered . . . emotional distress damage awards in similar age discrimination cases in Washington."); *Jackson v. Frank*, 2012 WL 6096905, *2 (N.D. Cal. Dec. 7, 2012) (in evaluating amount in controversy, defendants may introduce evidence of jury verdicts in cases involving analogous facts to establish punitive damage amount). Plaintiff's attorneys' fees awards in other actions support the conclusion that Plaintiff will incur greater than $377,319.40 in attorneys' fees in this matter.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 9
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

In *Helde v. Knight Transp., Inc.*, No. 2:12-cv-00904-RSL (W.D. Wash.) – a case Plaintiff referenced in his first Motion to Remand – the plaintiff brought nearly identical claims as those involved here. *See Skau v. JBS Carriers, Inc.*, 2:17-cv-014990JCC (Nov. 30, 2017), p.12, Dkt. 13 (citing Declaration of Toby Marshall, ¶ 3 and noting that Plaintiff's attorneys' "recently concluded more than five years of litigation against a separate trucking company in a case involving claims like those brought here: *Helde v. Knight Transp., Inc.*, No. 2:12-cv-00904-RSL (W.D. Wash.))." *Helde* involved a class of 233 drivers. *Id.* at ¶ 4. Here, Plaintiff's counsel will have to perform the same tasks that had to be performed in *Helde* including, class certification discovery, class certification briefing, merits discovery, summary judgment briefing, and trial preparation. While certain tasks related to class management may be more efficiently performed due to the smaller class size, the number of tasks do not change based on the size of the class and, therefore, the plaintiff's attorney's fees award in *Helde* is instructive here.

Plaintiff's attorneys' were awarded $1,166,244.96 in fees at the conclusion of that case. *Skau v. JBS Carriers, Inc.*, 2:17-cv-014990-JCC (Nov. 30, 2017), ¶ 3, Dkt. 14. As noted above, there are no more than 20 putative class members in this case. Thus, if a similar award is given for attorneys' fees here, the divided share for purposes of the amount in controversy would be $58,312.25 per class member, which easily takes the amount in controversy over the jurisdictional minimum ($1,166,244.96 divided by 20 putative class members = $58,312.25 per class member). Even if the total award is $388,748.32 (one-third of the amount in *Helde*), Plaintiff's share of attorney's fees is still more than enough to meet the jurisdictional threshold.

A reasonable estimate of Plaintiff's attorneys' anticipated hours worked based on the various tasks to be accomplished and the hourly rates of Plaintiff's attorneys' further establishes that the amount in controversy in this case exceeds $75,000, even if the Court only considers Plaintiff's pro rata share. Plaintiff's attorneys have an effective hourly rate of $252. Declaration of Toby Marshall, ¶ 3, Dkt. 14; Declaration of Gregory Wolk, ¶ 2, Dkt. 15. To determine a reasonable number of hours Plaintiff's attorneys' may spend on various tasks, it is

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 10
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

again helpful to consider Plaintiff's attorneys' fee award in *Helde*. In that case, Plaintiff's attorneys affirmed that they spent the following number of hours on the following tasks:[6]

- Certification Discovery Matters: 874 hours
- Certification Briefing and Argument: 491 hours
- Merits Discovery Matters: 438 hours
- Summary Judgment Briefing and Argument: 279 hours
- Trial Preparation and Attendance: 370 hours
- Settlement Negotiations: 373 hours
- Total hours: 2,825 hours

*See* Declaration of Toby Marshall in Support of Plaintiffs' Motion for Attorneys' Fees with Timesheet in *Helde*, attached as ***Exhibit A***. Even if these hours are reduced by 45% to reflect the smaller putative class size involved in this case, the Court can reasonably estimate Plaintiff will seek to recover 1,553.75 hours of attorney time here. Based on this estimate of hours, the Court can estimate that Plaintiff will seek to recover $391,545 in additional attorney's fees in this matter ($252/hr x 1,553.75 hours). Plaintiff's pro rata share of this estimate is $19,577.25 ($391,545 in anticipated fees divided by 20 putative class members). Such pro rata share takes the amount in controversy over the $75,000 requirement ($53,648.66 in purported damages + $2,485.38 in Plaintiff's pro rata share of pre-removal fees ($49,707.52 divided by 20 putative class members) + $19,577.25 in Plaintiff's pro rata share of post-removal attorneys' fees = $75,711.29). Thus, the amount in controversy exceeds the jurisdictional requirements and the Court should deny Plaintiff's Motion.

Plaintiff's attorney's fees in other actions also support the conclusion that Plaintiff will incur greater than $377,319.40 in additional attorneys' fees through the litigation of this matter. *See e.g., Chesbro v. Best Buy Stores, L.P.*, No. 2:10-CV-00774-RAJ, 2014 WL 11906648, at *2 (W.D. Wash. Sept. 19, 2014) ($1,137,500 award); *Wilbur v. City of Mount Vernon,* No. C11-

---

[6] JBS omitted the hours spent on removal proceedings in *Helde* so that only an estimate of post-removal attorneys' fees remains.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 11
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1100RSL, 2014 WL 11961980 (W.D. Wash. Apr. 15, 2014) (Plaintiff's counsel received an award for attorney's fees of $2,500,000); *Bronzich, et al. v. Persels & Associates, LLC,* C10-0364 (E.D. Wash.) ($650,000 award); *Milligan v. Toyota Motor Sales, U.S.A., Inc.,* No. C 09-05418 RS, 2012 WL 10277179 (N.D. Cal. Jan. 6, 2012) ($806,000 award); *Estate of Brown v. Consumer Law Assocs., LLC*, No. 11-CV-0194-TOR, 2013 WL 2285368, at *6 (E.D. Wash. May 23, 2013) (awarding $373,668.05 in attorney's fees and costs and noting "[b]ased upon the fees and costs reportedly incurred by Plaintiffs to date, any [future] assessment could easily exceed $1 million."); *Barnett v. Wal-Mart Stores, Inc.*, 2009 WL 2194864 (Wash. Super. Ct. July 20, 2009) ($10,500,000 award, including costs). In light of Plaintiff's attorneys' fee awards in other cases,[7] it is reasonable to estimate that his attorneys' fees here will place the amount in controversy with respect to Plaintiff over the required $75,000 threshold.

> iv. The parties' intent to engage in settlement discussions does not undermine the conclusion that the amount in controversy requirements are satisfied here.

Plaintiff argues that the amount in controversy threshold will not be met because the parties have expressed a willingness to engage in settlement negotiations. Motion, p. 19, Dkt. 13. Plaintiff's argument fails. Though the parties have agreed to engage in settlement discussions, Plaintiff has yet to make a settlement demand and no substantive settlement discussions have occurred. Moreover, simply because the parties intend to engage in settlement discussions does not mean the case will settle, either during the early stages of litigation or after significant discovery and work has been done. It is senseless to discount the amount in controversy simply because the parties intend to engage in settlement discussions.

---

[7] Plaintiff's attorneys' fees exceeding the amount in controversy requirements is not contingent upon Plaintiff obtaining class certification. Many single-Plaintiff cases also involve attorneys' fees that would put the amount in controversy over the jurisdictional requirement. *See e.g., MacLeod v. Emerson Elec. Co.*, No. ED CV 11-0159 FMO (PLAx), 2015 U.S. Dist. LEXIS 119399, at *59 (C.D. Cal. Sep. 8, 2015) ($304,273.75 award); *Quevedo v. New Albertsons, Inc, No. SACV131160JLSJPRX, 2015 WL 10939716, at *7 (C.D. Cal. May 27, 2015)* ($358,676.40 award); *Sillah v. Command Int'l Sec. Servs., No. 14-CV-01960-LHK, 2016 WL 692830, at *1 (N.D. Cal. Feb. 22, 2016)* ($62,579.30 award).

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 12
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

The fact that the amount recovered may ultimately be reduced if the parties reach an early settlement is true in every case, including when determining the amount in controversy for unearned wages or other damages. This is the exact reason that in measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a judge or jury will return a verdict for plaintiff on all claims. *Chavez*, 888 F.3d at 414–15 ("the amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief* a court may grant on that complaint if the plaintiff is victorious.") (emphasis added); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Mueller v. RadioShack Corp.,* No. 11-CV-0653 (PJS/JJG), 2011 WL 6826421, at *8 (D. Minn. Dec. 28, 2011) ("many types of future damages might be avoidable — in whole or in part — but courts nevertheless take them into account in determining the amount in controversy."). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Defendant will actually owe. *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint). Ultimately, if Plaintiff is victorious, it is reasonable to conclude he will seek greater than $377,319.40 in additional attorneys' fees, which puts the amount in controversy over $75,000, even when proportionally applied to all putative class members.[8] The Court has jurisdiction over this matter, and should deny Plaintiff's Motion.

**C.   Plaintiff's Request for Sanctions is Baseless.**

Plaintiff requests that the Court award him costs and attorney's fees as a sanction for having to file the Motion. In support for his request, Plaintiff argues that "JBS lacked an

---

[8] During the parties' conferral telephone conference, Plaintiff's counsel affirmed their intent to seek attorneys' fees if they prevail in this matter. Plaintiff's counsel also confirmed that their attorneys' fees would exceed $400,000 if this matter went to trial.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 13
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

objectively reasonable basis for removing this case to federal court and caused Mr. Skau to incur unnecessary attorney's fees and litigation expenses." Motion, p. 20, Dkt. 13. Plaintiff's request for sanctions is unwarranted.

Plaintiff neither disputes JBS' calculations of his potential damages recovery nor attacks JBS' analysis of the claims in general. Instead, Plaintiff claims "JBS has ignored Judge Coughenour's order holding that future attorneys' fees may not be considered part of the amount in controversy and has misrepresented the Ninth Circuit's holding in *Chavez* in an attempt to relitigate the issue." Motion, p. 20, Dkt 13. JBS has done neither.

Ninth Circuit law is clear – and Plaintiff does not dispute – that an intervening change in case law constitutes a relevant change of circumstances justifying a successive petition for removal. Motion, p. 10, Dkt. 13. As described above, *Chavez* was an intervening change in law regarding whether post-removal attorneys' fees should be considered when determining the amount in controversy. *See* Discussion A(ii), *supra*. Thus, JBS' Second Notice was appropriate.

Second, Plaintiff's claim that JBS "misrepresented the Ninth Circuit's holding in *Chavez*" is manifestly untrue. By its own terms, *Chavez* held "that the amount in controversy is not limited to damages incurred prior to notice of removal," but that it "encompasses ***all relief*** a court may grant on [the] complaint if the plaintiff is victorious." 888 F.3d at 414-15 (emphasis added). "All relief [the] court may grant on [the] complaint if plaintiff is victorious" here includes attorneys' fees incurred by Plaintiff's counsel after the date in which JBS filed the Second Notice. Moreover, Plaintiff's assertion ignores the fact that both cases to interpret *Chavez* agree with JBS' interpretation. *See Bernstein*, 2018 WL 2210683, at *2 fn.3; *Lucas*, 2018 WL 2146403, at *11, *supra*.

Plaintiff's request for sanctions should also be denied because it does not comply with the Court's Standing Order for Civil Cases ("Order"). *See* Dkt. 12. That Order admonishes that "[a]ll motions seeking attorney's fees must be accompanied by an appropriate declaration that attaches all relevant timesheets and costs." *Id.* Plaintiff's Motion does not include a declaration

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 14
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

with the relevant timesheets. Thus, not only is Plaintiff's request for sanctions substantively baseless, but he failed to comply with the Court's Order relating to these matters. The Court should deny Plaintiff's request for sanctions.

## **CONCLUSION**

For the forgoing reasons, Defendant respectfully asks the Court to deny Plaintiff's Motion and to deny Plaintiff's request for attorneys' fees and costs.

DATED this 2nd day of July, 2018.

Respectfully submitted,

By: *s/Jonathon M. Watson*
Jonathon Watson, admitted *pro hac vice*
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: 303-299-8286
Fax: 303-298-0940
E-mail:   JWatson@shermanhoward.com

Attorney for Defendant JBS Carriers, Inc.

DAVIS WRIGHT TREMAINE LLP

*s/Michael J. Killeen*
Michael J. Killeen, WSBA # 7837
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail:   MikeKilleen@dwt.com

Co-counsel for Defendant JBS Carriers, Inc.

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 15
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, I electronically filed the foregoing **Defendant JBS Carriers, Inc.'s Opposition to Plaintiff's Motion to Remand** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP LLC<br>Toby J. Marshall, WSBA # 32726<br>Email: tmarshall@terrellmarshall.com<br>Maria Hoisington-Bingham, WSBA # 51493<br>Email: mhoisington@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: 206-816-6603<br>Facsimile: 206-319-5450 | ☒ Electronic Filing/Eservice<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☐ Via Legal Messenger<br>☐ Email |
| REKHI & WOLK, P.S.<br>Hardeep S. Rekhi, WSBA #34579<br>Email: Hardeep@rekhiwolk.com<br>Gregory A. Wolk, WSBA #28946<br>Email: greg@rekhiwolk.com<br>529 Warren Avenue North, Suite 201<br>Seattle, WA 98109<br>Telephone: (206) 388-5887<br>Facsimile: (206) 577-3924 | ☒ Electronic Filing/Eservice<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☐ Via Legal Messenger<br>☐ Email |

And a Courtesy Copy has been transmitted to the following:

| | |
|---|---|
| The Honorable Richard A. Jones<br>United States Courthouse for the District of Washington, Western Division<br>700 Stewart Street, Suite 13128<br>Seattle, WA 98101-9906 | ☐ Electronic Filing/Eservice<br>☐ U.S. Mail, postage prepaid<br>☒ Federal Express<br>☐ Facsimile<br>☐ Via Legal Messenger<br>☐ Email |

*s/Lynn Zola Howell*
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 299-8435
Facsimile:  (303) 298-0940
Email:  lhowell@shermanhoward.com

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND – 16
(Case No. 2:18-CV-00681-RAJ )
48638191.1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax