THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KURT SKAU, on behalf of himself and on behalf of others similarly situated,

Plaintiff,

v.

JBS CARRIERS, INC., a Delaware corporation,

Defendant.

NO. 2:18-cv-00681-RAJ

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND**

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

Page No.

I.   REPLY INTRODUCTION .................................................................................................. 1

II.  AUTHORITY AND ARGUMENT ...................................................................................... 2

    A.   *Chavez* does not constitute a change of circumstances justifying a successive petition for removal .......................................................................... 2

    B.   JBS has not met its burden of establishing that the amount in controversy exceeds the $75,000 threshold ........................................................................... 5

    C.   Plaintiff should be awarded the fees and costs incurred in challenging JBS' improper successive petition for removal ................................................. 10

III. CONCLUSION .................................................................................................................. 11

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - ii
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF AUTHORITIES**

**Page No.**

**FEDERAL CASES**

*Bernstein v. BMW of North Am., LLC*,
   No. 18-cv-01801-JSC, 2018 WL 2210683 (N.D. Cal. May 15, 2018) .............................. 4

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) ................................................................................... 1. 3

*Chesbro v. Best Buy Stores, L.P.*,
   No. 2:10-CV-00774-RAJ, 2014 WL 11906648 (W.D. Wash. Sept. 19, 2014).................. 8

*Dilts v. Penske Logistics, LLC*,
   769 F.3d 637 (9th Cir. 2014) ............................................................................................ 7

*Estate of Brown v. Consumer Law Assocs., LLC*,
   No. 11-CV-0194-TOR, 2013 WL 2285368 (E.D. Wash. May 23, 2013) .......................... 9

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) ............................................................................................ 6

*Grieff v. Brigandi Coin Co.*,
   No. C14-214 RAJ, 2014 WL 2608209 (W.D. Wash. Jun. 11, 2014) ................................ 4

*Helde v. Knight Transp., Inc.*,
   982 F. Supp. 2d 1189 (W.D. Wash. 2013) ....................................................................... 7

*Kerbs v. Safeco Ins. Co. of Ill., Inc.*,
   No. C11-1642 MJP, 2011 WL 6012497 (W.D. Wash. Dec. 1, 2011) ............................. 10

*Kirkbride v. Cont'l Cas. Co.*,
   933 F.2d 729 (9th Cir. 1991) ............................................................................................ 2

*Lucas v. Michael Kors (USA), Inc.*,
   No. CV 18-1608-MWF (MRWx), 2018 WL 2146403 (C.D. Cal. May 9, 2018) ......... 4, 5, 9

*Matheson v. Progressive Specialty Ins. Co.*,
   319 F.3d 1089 (9th Cir. 2003) .......................................................................................... 6

*Milligan v. Toyota Motor Sales, U.S.A., Inc.*,
   No. C 09-05418 RS, 2012 WL 10277179 (N.D. Cal. Jan. 6, 2012) .................................. 8

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - iii
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Rea v. Michaels Stores Inc.*,
    742 F.3d 1234 (9th Cir. 2014) .................................................................................. 2

*Reyes v. Dollar Tree Stores, Inc.*,
    781 F.3d 1185 (9th Cir. 2015) ............................................................................... 2, 5

*Roe v. Teletech Customer Care Mgmt. (CO), LLC*,
    No. C07-5149 RBL, 2007 WL 1655172 (W.D. Wash. June 6, 2007) ............................... 6

*Roth v. Comerica Bank*,
    799 F. Supp. 2d 1107 (9th Cir. 2010) ........................................................................ 6

*Wilbur v. City of Mount Vernon*,
    No. C11-1100RSL, 2014 WL 11961980 (W.D. Wash. Apr. 15, 2014) .............................. 8

**STATE CASES**

*Barnett v. Wal-Mart Stores, Inc.*,
    No. 01-2-24553-8 SEA, 2009 WL 2194864 (Wash. Super. Ct. July 20, 2009) ................ 9

*Demtrio v. Sakuma Bros. Farms, Inc.*
    183 Wn.2d 649 (2015) ........................................................................................ 7, 8

**STATE STATUTES**

RCW 49.46.090(2) ............................................................................................................ 5

RCW 49.48.030 ................................................................................................................ 5

RCW 49.52.070 ................................................................................................................ 5

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - iv
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. REPLY INTRODUCTION

Defendant JBS Carriers, Inc. ("JBS"), seeks a second bite at the removal apple based on its misreading of the Ninth Circuit's decision in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). JBS contends that *Chavez* changed the law with respect to whether future attorneys' fees may be included when determining the amount in controversy and therefore constitutes a change of circumstances sufficient to justify a successive petition for removal. But *Chavez* does not address the issue of future attorneys' fees—there is no independent analysis of the question, no consideration of the effect such a decision would have on the scope of federal jurisdiction, and no discussion of the well-established split among both Circuit and district courts. Thus, *Chavez* did not resolve whether future attorneys' fees may be included when calculating the jurisdictional amount.

Put simply, there is no intervening change in the law that renders incorrect Judge Coughenour's prior remand order, which rejected JBS' argument that future, unaccrued attorneys' fees may be included in the amount in controversy. *See Skau v. JBS Carriers, Inc.*, 2:17-cv-01499-JCC, Dkt. 21, p. 4 (Nov. 30, 2017). As such, *Chavez* is not a change in circumstances sufficient to justify JBS' successive petition for removal, making the petition both untimely and improper.

JBS likewise fails to overcome the strong presumption against removal jurisdiction. As the party seeking removal, JBS has the heavy burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Even if *Chavez* had decided that future attorneys' fees may be included in the amount in controversy (it did not), JBS disregards well-established Ninth Circuit precedent holding that attorneys' fees in class

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 1
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 actions cannot be attributed solely to the named plaintiff when determining the amount in
2 controversy. JBS also fails to provide non-speculative evidence showing that Mr. Skau's pro-
3 rata share of fees (even including future attorneys' fees) is likely to result in an amount in
4 controversy that exceeds the jurisdictional threshold. Any estimate of future attorneys' fees in
5 this matter is pure conjecture at this stage of the litigation given the small class size and the
6 parties' agreement that this case is suitable for early resolution.

7 For the reasons set forth in his Motion to Remand ("Motion"), Dkt. 13, and those set
8 forth below, Plaintiff respectfully requests that the Court grant his Motion and award him the
9 attorneys' fees and costs incurred as a result of JBS' improper removal.

## II. AUTHORITY AND ARGUMENT

**A.   *Chavez* does not constitute a change of circumstances justifying a successive petition for removal.**

"A successive removal petition is proper only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (emphasis in original) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). The Ninth Circuit has recognized that an intervening change of law may justify a successive petition only if the change gives rise to a new basis for subject-matter jurisdiction or renders the grounds for the district court's initial remand order incorrect. *See Reyes*, 781 F.3d at 1188; *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (finding a successive removal proper where the remand was based "on grounds that subsequently became incorrect"); *Kirkbride*, 933 F.2d at 732 (holding that newly enacted legislation which gave the FDIC different removal rights than its predecessor justified a successive petition for removal).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 2
Case No. 2:18-cv-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

JBS argues that Judge Coughenour's remand order, which declined to include post-removal attorney's fees in determining the amount in controversy, "subsequently became incorrect" in light of the Ninth Circuit's recent decision in *Chavez*. This argument is erroneous

The *Chavez* decision does not address whether future attorney's fees are appropriately included in calculating the amount in controversy. JBS' own brief acknowledges this point, noting that "according to the Ninth Circuit, it was unnecessary for it to consider the other relief sought, including punitive damages and attorneys' fees because unearned wages were alone sufficient to satisfy the amount in controversy." Response, Dkt. 17, p. 5. Indeed, the sole issue presented by *Chavez* was whether alleged future <u>damages</u> incurred after the date of removal should be considered in determining whether the jurisdictional threshold is met. The Court's answer in the affirmative was direct and succinct: "When we say that the amount in controversy is assessed at the time of removal, we mean that we consider <u>damages</u> that are claimed at the time the case is removed by the defendant." *Chavez*, 888 F.3d at 417 (emphasis added).

While *Chavez* does restate the well-established and unremarkable proposition that the amount in controversy may include some measure of attorneys' fees awardable under fee shifting statutes, *id.* at 416, nothing in the Court's reasoning suggests that it was deciding the unresolved question of whether post-removal attorneys' fees are among those that may be considered. The issue was not briefed by the parties. *See Chavez v. JPMorgan Chase & Co.*, No. 16-55957, Dkt. 20, 2017 WL 282912 (9th Cir. Jan. 20, 2017) (Appellants Opening Brief); Dkt. 30, 2017 WL 1251163 (9th Cir. Mar. 27, 2017) (Appellee's Answering Brief); Dkt. 37, 2017 WL 1856461 (9th Cir. May 5, 2017) (Appellant's Reply Brief); *see also* Second Declaration of

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 3
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Toby Marshall in Support of Plaintiff's Motion to Remand ("Second Marshall Decl.") ¶ 2; Exs. A–C. And despite widespread disagreement both between the Circuits and among district courts within this Circuit, *see Grieff v. Brigandi Coin Co.*, No. C14-214 RAJ, 2014 WL 2608209, at *2-3 (W.D. Wash. Jun. 11, 2014) (collecting cases), the *Chavez* decision engages in no analysis of the measure of fees to be considered in determining whether the jurisdictional threshold is met.

JBS nevertheless maintains that *Chavez's* holding with respect to future wage loss extends to the inclusion of future attorneys' fees. Response, Dkt. 17, p. 5; Petition for Removal, Dkt. No. 1, p. 3. But this argument ignores the critical differences between future damages arising from the alleged injury, which relate back to the same injury or harm, and future attorneys' fees, which are speculative and dependent on the legal strategy of the respective parties. *See Grieff*, 2014 WL 2608209, at *3.

As for JBS's reliance on *Bernstein v. BMW* and *Lucas v. Michael Kors*, neither decision lends support to the assertion that *Chavez* effected a change of law with respect to post-removal attorneys' fees. To begin, both courts determined that the amount in controversy satisfied the jurisdictional threshold exclusive of attorneys' fees. *Bernstein v. BMW of North Am., LLC*, No. 18-cv-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018); *Lucas v. Michael Kors (USA), Inc.*, No. CV 18-1608-MWF (MRWx), 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018). More importantly, both courts recognized that *Chavez* did not explicitly decide the question of whether post-removal attorneys' fees may be included in calculating the amount in controversy. *Bernstein*, 2018 WL 2210683, at *2, n.3 (noting that the Ninth Circuit's decision in *Chavez* "*suggests* that attorney's fees in the context of the amount in controversy

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 4
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  requirement should be calculated based on the total possible recovery and not just the fees

2  incurred to date" (emphasis added)); *Lucas*, 2018 WL 2146403, at *11 (finding *Chavez*

3  "strongly *suggests* that the Ninth Circuit *would* find it appropriate to consider post-removal

4  attorney's fees" (emphasis added)). As the *Lucas* court correctly acknowledged, *Chavez*

5  "considered the amount in controversy threshold for diversity jurisdiction and whether future

6  wages could be included, not . . . whether post-removal attorney's fees could be included."

7  *Lucas*, 2018 WL 2146403, at *11.

       In sum, there is no basis for concluding that the Ninth Circuit decided an unresolved split among Circuit and district courts—which would have broad-reaching effects on the scope of federal jurisdiction—without any analysis or briefing from the parties. And while JBS may contend that *Chavez* could be considered persuasive on that point, it does not constitute a change of law that renders incorrect the grounds for Judge Coughenour's prior order remanding this action. As such, *Chavez* is not a "change in circumstances" sufficient to justify JBS' successive petition for removal, and the petition is both untimely and improper. *See Reyes*, 781 F.3d at 1188.

**B.  JBS has not met its burden of establishing that the amount in controversy exceeds the $75,000 threshold.**

       JBS next argues that the jurisdictional amount is satisfied because the entirety of the $49,707.52 in attorneys' fees incurred to date should be allocated to Mr. Skau. This argument ignores the extensive authority cited in Plaintiff's opening brief holding that attorneys' fees in class actions must be allocated among the members of the proposed class for the purposes of determining the amount in controversy unless the underlying statute limits such an award only to the named plaintiffs. Motion, Dkt. 13, p. 17-18. Washington's Wage and Hour statutes contain no limitation. *See* RCW 49.46.090(2); RCW 49.48.030; and RCW 49.52.070. Accordingly, any attorneys' fees included in the amount in

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 5
Case No. 2:18-cv-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

controversy must be allocated among proposed class members. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001), holding modified on other grounds by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). JBS asserts that Mr. Skau's damages total $53,648.66 and agrees that Mr. Skau's pro rata share of attorneys' fees at the time of removal is $2,485.38. Response, Dkt. 17, at 8. Thus, the total amount in controversy is $56,134.04—still $18,865.97 short of exceeding the jurisdictional threshold. Declaration of Toby Marshall, Dkt. 14, ¶ 5.

Even assuming that *Chavez* did change the law regarding the inclusion of post-removal attorneys' fees (it did not), JBS has failed to meet its burden of establishing that the jurisdictional amount is satisfied by a preponderance of the evidence. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In considering whether future attorneys' fees should be included in the amount in controversy, district courts have required evidence sufficient to make a "reasonable, informed estimation of fees." *Roe v. Teletech Customer Care Mgmt. (CO), LLC*, No. C07-5149 RBL, 2007 WL 1655172, at *4 (W.D. Wash. June 6, 2007). A court cannot base a finding of jurisdiction on a defendant's speculation and conjecture. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1118 (9th Cir. 2010). And if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Roe*, 2007 WL 1655172, at *5 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

The parties agree that to carry its burden of establishing the jurisdictional amount, JBS must demonstrate, by a preponderance of the evidence, that the proposed class will incur at least $377,319.40 in future attorneys' fees, adding an additional $18,865.97 to Mr. Skau's pro rata share of fees. Response, Dkt. 17, p. 9. In support of its contention that the proposed class is likely to incur nearly $400,000 in additional fees, JBS points to fee awards granted to Plaintiff's counsel in other actions from which it purports to base a "reasonable estimate" of the number of hours counsel are likely to expend here. In particular, JBS relies on the fee award in *Helde v. Knight Transp., Inc.*, No. 2:12-cv-00904-RSL (W.D. Wash.). But *Helde*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 6
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

provides a poor comparison for the potential trajectory of this case.

To start, *Helde* involved three named plaintiffs and a class of 233 drivers, more than ten times the size of the 20-person class at issue in this action. To account for the smaller class size, JBS argues that the Court can reasonably estimate that counsel will seek to recover an additional 1,553.75 hours of attorney time, a 45% reduction of the 2,825 post-removal hours spent litigating *Helde*. There are several problems with this approach. First, a more appropriate analysis would be to look at the proportional amount of fees allocated to each class member in *Helde*. When the award of $1,166,244.96 is divided by 233, the result is just over $5,000 in attorneys' fees per class member. This is nowhere close to the more than $18,000 in fees that JBS must establish to reach the jurisdictional threshold for Mr. Skau.

Second, the estimate is entirely speculative, without any reasonable basis in fact or support in the record. The parties are currently cooperating in good faith to exchange the information necessary to participate in well-informed settlement negotiations and both parties agree that the case is well-suited for early resolution. Declaration of Toby Marshall, Dkt. 14, ¶ 7. Any future attorneys' fees that counsel will incur will depend on a large number of contingent factors, including the success of the parties' settlement negotiations.

Third, since *Helde* was filed in 2012, Courts have ruled on many of the undecided legal issues concerning the rights of truck-driver employees counsel spent significant time litigating in *Helde*. For example, the district court in *Helde* initially dismissed Plaintiffs' rest break claims on summary judgment, finding them preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). *Helde v. Knight Transp., Inc.*, 982 F. Supp. 2d 1189, 1192-94 (W.D. Wash. 2013). The Ninth Circuit later held that state rest break laws are not preempted by the FAAAA, *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 647-50 (9th Cir. 2014), and after additional briefing, the district court reinstated the rest break claims, *Helde v. Knight Transp., Inc.*, No. C12-0904RSL, Dkt. 124 (W.D. Wash. Aug. 19. 2014).

In addition, the Washington Supreme Court has further clarified the rights of piece-rate employees like Mr. Skau. In *Demtrio v. Sakuma Bros. Farms, Inc.* 183 Wn.2d 649, 653

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 7
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

(2015), the Court held that "employers must pay employees for rest breaks separate and apart from the piece rate." In light of these developments, the parties need not engage in the extensive briefing on these issues required in *Helde*. Not only is the proposed class here a small fraction of the size at issue in *Helde*, but Mr. Skau's rights are much more clearly established. The five years of aggressive litigation *Helde* involved simply does not provide a useful benchmark for estimating the total fees likely to be incurred in this case.

The arbitrary nature of JBS' estimate of future attorneys' fees is highlighted by the fact that even small adjustments to that estimate result in fees that fail to generate a pro-rata share attributable to Mr. Skau sufficient for the amount in controversy to exceed the jurisdictional threshold. An estimate of 1,469 additional hours, a 48% reduction of the post-removal hours spent litigating *Helde*, is equally plausible (though still exceedingly high) but would result in additional attorneys' fees of only $370,188 ($252 x 1,469 hours), more than $7,000 short of the $377,319.40 required for Mr. Skau's pro rata share to bring the amount in controversy above the $75,000 threshold.

JBS' reference to fee awards in other actions litigated by Plaintiff's counsel does not provide any additional support for its contention that counsel are likely to incur an additional $377,319.40 in fees in this action. None of the cases cited are sufficiently analogous to provide a reasonable benchmark for estimating the future attorneys' fees in this case. *See Chesbro v. Best Buy Stores, L.P.*, No. 2:10-CV-00774-RAJ, 2014 WL 11906648 (W.D. Wash. Sept. 19, 2014) (action under the Telephone Consumer Protection Act with a class size of more than 400,000); *Wilbur v. City of Mount Vernon*, No. C11-1100RSL, 2014 WL 11961980 (W.D. Wash. Apr. 15, 2014) (civil rights action involving constitutionally deficient system of public defense in Mount Vernon and Burlington); *Bronzich v. Persels & Associates*, No. C10-0364, Dkt. 311 (E.D. Wash. January 25, 2013) (CPA action alleging violations of the Washington Debt Adjusting Act; with nearly 3,000 class members); *Milligan v. Toyota Motor Sales, U.S.A., Inc.*, No. C 09-05418 RS, 2012 WL 10277179 (N.D. Cal. Jan. 6, 2012) (action arising from a manufacturing defect in the engine control module of Toyota Rav4 vehicles

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 8
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

with a proposed class numbering in the hundreds of thousands) *Estate of Brown v. Consumer Law Assocs., LLC*, No. 11-CV-0194-TOR, 2013 WL 2285368, at *6 (E.D. Wash. May 23, 2013) (CPA action alleging violations of the Washington Debt Adjusting Act with 893 class members); *Barnett v. Wal-Mart Stores, Inc.*, No. 01-2-24553-8 SEA, 2009 WL 2194864 (Wash. Super. Ct. July 20, 2009) (wage and hour action on behalf of hourly employees of Wal-Mart Stores with a class comprised of thousands of current and former employees).

Finally, some courts within the Ninth Circuit apply a twenty-five percent benchmark of potential class damages to calculate potential attorneys' fees for wage and hour class action cases. *See Lucas*, 2018 WL 2146403, at *11-12. Here, JBS has failed to present any evidence that would allow this Court to conclude that twenty-five percent of the potential damages in this case would exceed the jurisdictional threshold. Indeed, JBS would have to demonstrate that the potential damages in this case exceed $1,500,000 in order for Mr. Skau's pro rata portion of the resulting twenty-five percent attorneys' fees to match the jurisdictional threshold.[1] JBS has not done so. Even assuming all 20 class members have the same damages as Mr. Skau (which is hardly plausible), the total amount of damages in controversy is only $1,072,973 (20 x $53,648.66); twenty-five percent of that is $268,243, with Mr. Skau's portion thereof equaling $13,412. Again, as set forth above, this is not enough to reach the jurisdictional threshold.

Thus, even if the Court finds that future attorneys' fees may be considered in determining the amount in controversy, JBS has failed to present evidence sufficient to meet its burden of showing that Mr. Skau's share of fees will exceed the jurisdictional threshold. As such, remand is proper.

---

[1] As set forth above, the proposed class would need to incur at least $377,319.40 in future attorneys' fees in order for JBS to potentially meet the jurisdictional threshold here. Twenty-five percent of $1,500,000 is $375,000. Thus, potential damages would need to exceed $1,500,000 to support a finding that the requisite amount of attorneys' fees under the twenty-five percent benchmark is met here.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 9
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C. Plaintiff should be awarded the fees and costs incurred in challenging JBS' improper successive petition for removal.**

An award of attorneys' fees and costs is proper when there was no "objectively reasonable basis" for seeking removal. *Kerbs v. Safeco Ins. Co. of Ill., Inc.*, No. C11-1642 MJP, 2011 WL 6012497, at *4 (W.D. Wash. Dec. 1, 2011) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). JBS' contention that *Chavez* effected a change of law sufficient to justify a successive petition for removal despite the absence of any express holding or analysis of post-removal attorneys' fees on its own should be sufficient to award Plaintiff his fees and costs. But JBS follows its mischaracterization of *Chavez* by once again ignoring well-established Ninth Circuit precedent that attorneys' fees in class actions must be allocated among the proposed class and tacking on a speculative assessment of the future attorneys' fees likely to be incurred in this action. JBS has failed to provide any objectively reasonable basis in law or fact for a successive removal to federal court.

JBS' contention that counsel failed to comply with the Court's Standing Order does not warrant denial of Plaintiff's request for fees and costs. Plaintiff's motion clearly sets forth Mr. Skau's intention to timely submit a statement of the attorneys' fees and costs he has incurred if the Court agrees that an award of fees and costs is appropriate. Motion, Dkt. 13, p. 20. Indeed, submitted with this reply is the Second Declaration of Toby Marshall, which outlines the fees and costs Mr. Skau has incurred in challenging JBS' removal. Second Marshall Decl., Exs. D–E.

Because JBS has provided no objectively reasonable basis for removal, Mr. Skau should be reimbursed for the attorneys' fees and costs set forth in the Second Declaration of Toby Marshall, which absent JBS' improper removal, otherwise would not have been incurred. *See* Second Marshall Decl. ¶¶ 5–21; Exs. D–E.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 10
Case No. 2:18-cv-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## III.  CONCLUSION

For the foregoing reasons, Mr. Skau respectfully requests that the Court grant his motion to remand and award him the attorneys' fees and costs he incurred in challenging JBS' improper removal.

RESPECTFULLY SUBMITTED AND DATED this 6th day of July, 2018.

TERRELL MARSHALL LAW GROUP PLLC


By:   /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
Maria Hoisington-Bingham, WSBA #51493
Email: mhoisington@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Hardeep S. Rekhi, WSBA #34579
Email: hardeep@rekhiwolk.com
Gregory A. Wolk, WSBA #28946
Email: greg@rekhiwolk.com
REKHI & WOLK, P.S.
529 Warren Avenue North, Suite 201
Seattle, Washington 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924

*Attorneys for Plaintiff*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 11
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# CERTIFICATE OF SERVICE

I, Toby J. Marshall, hereby certify that on July 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Killeen, WSBA #7837
Email: mikekilleen@dwt.com
Harry J. F. Korrell, WSBA #23173
Email: harrykorrell@dwt.com
Ryan C. Hess, WSBA #50738
Email: ryanhess@dwt.com
N. Joe Wonderly, WSBA #51925
Email: joewonderly@dwt.com
Email: cindylein@dwt.com
Email: lindseystrickland@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

Devin M. Smith, WSBA #42219
Email: devinsmith@dwt.com
DAVIS WRIGHT TREMAINE LLP
777 – 108th Avenue NE, Suite 2300
Bellevue, Washington 98004-5149
Phone: (425) 646-6100
Facsimile: (425) 646-6199

Jonathon Watson, *Admitted Pro Hac Vice*
Email: jwatson@shermanhoward.com
Email: jkorte@shermanhoward.com
Email: kedinger@shermanhoward.com
Email: lhowell@shermandhoward.com
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 299-8286
Facsimile: (303) 298-0940

*Attorneys for Defendant*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 12
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | DATED this 6th day of July, 2018.

2 | TERRELL MARSHALL LAW GROUP PLLC

3 | By:   /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
4 | Email: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300
5 | Seattle, Washington 98103
Telephone: (206) 816-6603
6 | Facsimile: (206) 319-5450

7 | *Attorneys for Plaintiff*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND - 13
CASE NO. 2:18-CV-00681-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com