HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

KURT SKAU,

      Plaintiff,

  v.

JBS CARRIERS, INC.,

      Defendant.

Case No. C18-00681-RAJ

ORDER

This matter comes before the Court on Plaintiff Kurt Skau's Motion to Remand. Dkt. # 13. Defendant JBS Carriers, Inc. opposes the Motion. Dkt. # 17. For the reasons that follow, Plaintiff's Motion to Remand is **DENIED.** Dkt. # 13.

This is Defendant's second attempt to remove this case. Plaintiff filed this case in King County Superior Court on September 5, 2017. Defendant filed a Notice of Removal on October 5, 2017. *See Skau v. JBS Carriers, Inc.*, No. 2:17-cv-01499-JCC. On November 30, 2017, Plaintiff' Motion to Remand was granted. *Id*. Defendant removed

ORDER – 1

this case for a second time on May 10, 2018. Dkt. # 1. Plaintiff then filed this Motion to Remand. Dkt. # 13.

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendant asserts that this Court has jurisdiction over this matter on the basis of diversity of citizenship of the parties. The Court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. The Ninth Circuit has defined the amount in controversy as the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (internal citations omitted). Where it is unclear or ambiguous from the face of the complaint whether the requisite amount in controversy is plead, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (citing to *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)). "[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Guglielmino*, 506 F.3d at 699 (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)).

Defendant relies on the Ninth Circuit decision in *Chavez v. JPMorgan Chase &*

ORDER – 2

*Co.*, 888 F.3d 413, 417 (9th Cir. 2018) to support their argument that there has been a change in law that justifies reconsideration of the previous order remanding this case back to state court. "After a remand, the defendant may generally not remove the case a second time." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (citing to *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015)). However, a defendant "who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Id.* (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). An intervening change in law that gives rise to a new basis for subject-matter jurisdiction qualifies as "a relevant change of circumstances [justifying] reconsideration of a successive, good faith petition for removal." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (citing to *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)); *Reyes*, 781 F.3d at 1188. A defendant can file a successive removal notice within 30 days after a change in law that revealed the facts necessary for federal court jurisdiction. *Rea*, 742 F.3d at 1237–38.

     As a preliminary matter, the Court finds that the holding in *Chavez* constitutes an intervening change in law that justifies a successive notice of removal. In a subsequent decision, the Ninth Circuit stated that prior to *Chavez*, the Court had not clarified what it meant to say that the amount in controversy is determined "at the time of removal." *Fritsch*, 899 F.3d at 793. In *Chavez,* the Ninth Circuit explained that the amount in controversy is the "amount at stake in the underlying litigation," and therefore "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez*, 888 F.3d at 417-18. In *Fritsch*, the Court concluded that in light of *Chavez,* a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. *Fritsch*, 899 F.3d at 794. In the previous Order granting Plaintiff's first motion for remand, the district court found that prospective attorney fees cannot be

ORDER – 3

factored into the calculation as to whether the amount in controversy has been met. *See Skau v. JBS Carriers, Inc.*, No. 2:17-cv-01499-JCC. A Ninth Circuit decision that directly addresses the basis for the previous order granting remand certainly qualifies as a "relevant change of circumstances," allowing for a second notice of removal. *Chavez* was published on April 20, 2018 and Defendant's second Notice of Removal was filed on May 10, 2018, or within the 30 day window allowed for a successive removal notice after a change in law. Therefore, Defendant's second Notice of Removal was timely filed.

At issue now is whether, pursuant to the holdings in *Chavez* and *Fritsch*, Defendant has met their burden to show, by a preponderance of the evidence, that the amount in controversy now exceeds the jurisdictional amount. In its Notice of Removal, Defendant calculates Plaintiff's prospective damages as $53,648.66. Dkt. # 1 at ¶¶ 19, 20. The statutes underlying Plaintiff's wage and hour claims allow successful plaintiffs to recover attorneys' fees. RCW 49.52.070. Pursuant to those statutes, Plaintiff seeks those fees in the Complaint. Dkt. # 1-1. As of the date of Plaintiff's first motion to remand, Plaintiff's attorneys had incurred $14,085.00 in fees. Dkt. # 1 at ¶ 21. The total of these figures falls $7,266.34 short of the $75,000 requirement for the amount in controversy. By the time of Defendant's second Notice for Removal, Plaintiff had accrued $49,707.52 in attorneys' fees. Dkt. # 13 at 13. Since that time, the parties have engaged in additional briefing regarding this Motion. Defendant argues that Plaintiff's attorneys have likely incurred greater than $7,266.34 in additional fees performing just these tasks. Even if the award of attorneys' fees is divided between the 20 proposed putative class members, based on the significant fee awards Plaintiff's attorneys have received in analogous cases, it is more likely than not that the attorneys' fees that may be awarded in this case would exceed the remaining amount required to meet the amount in controversy requirement. Dkt. # 1 at ¶ 21; Dkt. # 13 at 13. The Court finds that Defendant has proved by a preponderance of the evidence that the amount in controversy in this case meets the threshold amount of $75,000.

ORDER – 4

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED.** Dkt. # 13.

DATED this 27th day of December, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5