HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT SKAU, on behalf of himself and on behalf of others similarly situated,

    Plaintiff,

v.

JBS CARRIERS, INC., a Delaware corporation,

    Defendant.

Case No. 2:18-cv-00681-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on the motion for judgment on the pleadings filed by Defendant JBS Carrier's Inc. ("JBS") and the motion to intervene filed by Interested Parties Washington State Attorney General, Washington State Department of Labor and Industries (the "State"). Dkt. ## 23, 24. For the reasons below, the Court **DENIES** JBS's motion and **GRANTS** the State's motion.

## II. BACKGROUND

In 2011, the Federal Motor Carrier Safety Administration ("FMCSA") issued a final rule mandating breaks for commercial motor vehicle drivers. *See* 49 C.F.R. 395.3(a)(3)(ii) (effective July 1, 2013). On December 21, 2018, the FMCSA issued an Order determining that California's meal and rest break rules were preempted by federal law and hours of service regulations. California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption ("2018 Decision"), 83 Fed. Reg.

ORDER – 1

67470, 67470 (Dec. 28, 2018). The State of California has sought review of the FMCSA's 2018 Decision in the Ninth Circuit. *See Labor Commissioner for the State of California v. Fed. Motor Carrier Safety Admin.*, No. 19-70329, (9th Cir. May 30, 2019).

JBS moves for judgment on the pleadings and dismissal of Plaintiff's claims for failure to provide paid rest periods and overtime pay under Washington law. Dkt. # 23. JBS argues that Washington's meal and rest break requirements are preempted given FMCSA's 2018 Decision and that RCW 49.46.130(2)(g)(ii) exempts JBS from paying Plaintiff's overtime wages. *Id.* The State seeks to intervene to address JBS's arguments concerning its meal and rest break requirements. Dkt. # 24.

### III. DISCUSSION

#### A. The State's Motion to Intervene

In its motion, the State claims that Rule 5.1(c) provides it with a mandatory right to intervene if a constitutional question is presented. Dkt. # 24. *See* Fed. R. Civ. P. 5.1 (permitting state attorney general to intervene where pleading draws the constitutionality of a state statute into question). The State claims that because JBS argues the Federal Motor Carrier Act, 49 U.S.C. § 31501 *et seq.*, and its hours of service regulations preempt Washington's rest break laws, a constitutional question is presented and Rule 5.1(c) is triggered. Additionally, the State claims a mandatory right to intervene under Rule 24(a)(1) and 28 U.S.C. § 2403. *See* 28 U.S.C. § 2403 (permitting state attorney general to intervene where constitutionality of state statute affecting the public interest is drawn into question); Fed. R. Civ. P. 24(a)(1) (permitting intervention where one is given an unconditional right to intervene under a federal statute). Alternatively, the State claims it has a permissive right to intervene under Rule 24(a)(2) and (b)(2).

The Court finds that the State does not have a mandatory right to intervene because preemption in this context is not a constitutional issue. The Ninth Circuit has said that "although preemption has its doctrinal base in the Constitution, the question is largely one of determining the compatibility of a state and federal statutory scheme. No constitutional

ORDER – 2

issues of substance are presented." *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982); *see also Hotel Employees and Restaurant Employees Int'l Union v. Nevada Gaming Comm'n*, 984 F.2d 1507, 1512 (9th Cir. 1993) ("[P]reemption is not a constitutional issue.").

Rule 24(b) authorizes the permissive intervention of a government agency where a party's claim or defense is based on a statute administered by the agency. Fed. R. Civ. P. 24(b)(2). Here, the State administers the statute at issue and enforces rest break requirements under which Plaintiff brings his claim. *See* RCW § 49.12.020; RCW § 43.22.270; WAC 296-126-092(4). Moreover, the Court finds that the State's intervention at this junction does not cause unduly delay or prejudice in the adjudication of the parties' rights. *See* Fed. R. Civ. P. 24(b)(3). The motion to intervene is **GRANTED**.

### B. Motion for Judgment on the Pleadings

Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005). In considering a motion for judgment on the pleadings, the Court must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see also Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

#### 1. Rest Period Claim

JBS moves for judgment on the pleadings on Plaintiff's claim for failure to provide paid rest periods, arguing that the underlying Washington rules and regulations are preempted by the Federal Motor Carrier Act ("FMCA") hours of service ("HOS") regulations. On December 21, 2018, FMCSA made the following determinations in a challenge brought against California's meal and rest break rules: that the rules were in an area already addressed by a federal regulation; that the rules were more stringent than the federal regulations; that the rules have no safety benefit; that enforcement of the rules

ORDER – 3

would cause an unreasonable burden on interstate commerce; and that, as a result, the rules were preempted under 49 U.S.C. 31141(c). *See generally* Dkt. # 23-1. JBS claims that the FMCSA's 2018 Decision works to expressly or implicitly preempt Washington's meal and rest break requirements. *See* Dkt. # 23 at 9 ("Washington courts have not addressed FMCA preemption of Washington's rest break provision; however, the same result should follow here because California's rest period rules are nearly identical to Washington's in form and substance.")

The Court concludes, however, that judgment on the pleadings under Fed. R. Civ. P. 12(c) is not proper in this instance. First, the FMCSA has no express determination that Washington's meal and rest rules are preempted. *See* 49 U.S.C. § 31141. Additionally, JBS has not shown that the FMCSA's 2018 Decision on California's rules would apply retroactively to bar Plaintiff's claim alleged under Washington law. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208-09 (1988); *see also* 49 U.S.C. § 31141(a) (statutory language noting preemption *after* decision). Because Plaintiff's factual allegations plausibly suggest an entitlement to relief under Washington law, the Court **DENIES** JBS's motion on this claim.

### 2. Overtime Claim

JBS also seeks to dismiss Plaintiff's claim for failure to pay overtime wages under RCW 49.46.130. RCW 49.46.130(2)(g)(ii) exempts from Washington's overtime requirements "[a]ny individual employed . . . (ii) in packing, packaging, grading, storing or delivering to storage, or to market or to a carrier for transportation to market, any agricultural or horticultural commodity." JBS contends that it is entitled to dismissal on Plaintiff's claim because it is undisputed that Plaintiff was employed to deliver goods, including agricultural commodities like meat and poultry products, to market within the western United States, including the State of Washington. Dkt. # 23.

While the Complaint does allege JBS *primarily* transports meat and poultry products, Dkt. # 1-1, ¶ 3.2 (emphasis added), Plaintiff does not allege that he transported

ORDER – 4

only agricultural goods. *Id.*, ¶ 3.1. Because the Court must draw all reasonable inferences in favor of Plaintiff, JBS's motion is **DENIED** as to this claim. JBS has not shown an absence of material facts in dispute such that it is entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** JBS's motion and **GRANTS** the State's motion. Dkt. ## 23, 24.

DATED this 23rd day of September, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5