THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KURT SKAU, on behalf of himself and on behalf of others similarly situated,

Plaintiff,

v.

JBS CARRIERS, INC., a Delaware corporation,

Defendant.

NO. 2:18-CV-00681-RAJ

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**NOTED FOR CONSIDERATION: MAY 6, 2020**

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................. 2

 A.    Plaintiff's Allegations ........................................................................... 2

 B.    Procedural Background ......................................................................... 3

 C.    The Parties Engage in Substantial Discovery ...................................... 3

 D.    The Settlement Negotiations ................................................................ 4

III.  SETTLEMENT TERMS .................................................................................. 4

 A.    The Proposed Class .............................................................................. 4

 B.    Monetary Relief .................................................................................... 5

  1.    Payments to Settlement Class Members ................................... 5

  2.    Class administration fees and costs .......................................... 6

  3.    Class Representative's Service Award ...................................... 6

  4.    Attorneys' fees and litigation expenses ................................... 6

 C.    Release .................................................................................................. 7

 D.    Notice Plan ........................................................................................... 7

VI.   ARGUMENT AND AUTHORITY .................................................................. 7

 A.    The Class Should Be Preliminarily Certified ...................................... 8

  1.    The Class satisfies the requirements of Rule 23(a) ................. 8

  2.    The Class satisfies the requirements of Rule 23(b)(3) ............ 9

 B.    The Proposed Settlement Should Be Preliminary Approved ............ 13

  1.    The settlement is the result of arm's-length, non-collusive negotiations ................................................... 14

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - i
CASE NO. 2:18-cv-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

2.    The relief provided by the settlement is adequate considering the strength of Plaintiff's case, the risk of maintaining a class action through trial, and the risk, cost, and delay of trial and appeal ............. 16

3.    Counsel are well informed of the strengths and weaknesses of the claims and defenses and support the settlement ............................ 18

4.    The settlement will be fairly distributed to Settlement Class Members 18

5.    Plaintiff's counsel will request approval of a fair and reasonable fee .. 19

6.    The reaction of Class Members to the proposed settlement ................. 20

C.    The Notice Plan Complies with Rule 23(e) and Due Process .......................... 20

D.    The Schedule for Final Approval ................................................................. 22

V.    CONCLUSION ................................................................................................. 22

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - ii
CASE NO. 2:18-cv-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

## TABLE OF AUTHORITIES

Page

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................... 12, 20

*Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*,
    133 S. Ct. 1184 (2013) ...................................................................................... 12

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015) ...................................................................... 15

*Bublitz v. E.I. du Pont de Nemours and Co.*,
    202 F.R.D. 251 (S.D. Iowa 2001)...................................................................... 10

*Camacho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008) ............................................................................ 19

*Cavnar v. BounceBack, Inc.*,
    No. 2:45-CV-235-RMP (E.D. Wash. Sept. 15, 2015).......................................16

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ............................................................................ 10

*Estate of Brown v. Consumer Law Assocs.*,
    No. , 2013 EL 2285368 (E.D. Wash. May 23, 2013)...................................... 16

*Ferland v. Conrad Credit Corp.*,
    244 F.3d 1145 (9th Cir. 2001) .......................................................................... 19

*Gaspar v. Linvatec Corp.*,
    167 F.R.D. 51 (N.D. Ill. 1996) ......................................................................... 10

*Gehrich v. Chase Bank USA, N.A.*,
    316 F.R.D. 215 (N.D. Ill. 2015) ....................................................................... 18

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998).............................................................. 10, 12, 13

*Hansen v. Ticket Track, Inc.*,
    213 F.R.D. 412 (W.D. Wash. 2003) .................................................................. 11

*Helde v. Knight Transp., Inc.*,
    No. C12-0904RSL, 2013 WL 5588311 (W.D. Wash. Oct. 9, 2013) ................. 8

*Ikuseghan v. Multicare Health Sys.*,
    No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016) ................ 14

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

*In re Bluetooth Headset Products Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ........................................................................ 13, 19

*In re Hyundai and Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) ................................................................. 8, 11, 15

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ........................................................................ 16, 18

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ............................................................................... 7

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ............................................................................. 13

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004) ................................................................. 14

*Jackson v. Danberg*,
    240 F.R.D. 145 (D. Del. 2007) .......................................................................... 10

*Knapp v. Art.com, Inc.*,
    283 F.Supp.3d 823 (N.D. Cal. 2017) ................................................................ 16

*Knight v. Red Door Salons, Inc.*,
    No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ...................................... 15

*Mendis v. Schneider Nat'l Carriers, Inc.*,
    No. C15-0144-JCC, 2017 WL 497600 (W.D. Wash. Feb. 7, 2017) .............................. 9

*Milburn v. PetSmart, Inc.*,
    No. 118CV00535DADSKO, 2019 WL 1746056 (E.D. Cal. Apr. 18, 2019) ................ 13

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................... 17

*Ortiz v. Fiberboard Corp.*,
    527 U.S. 815 (1999) .......................................................................................... 14

*Pole v. Estenson Logistics, LLC*,
    2016 WL 4238635 (C.D. Cal. 2016) .................................................................... 9

*Rinky Dink, Inc. v. World Business Lenders*,
    Case No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016) ................ 18

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - iv
CASE NO. 2:18-cv-00681-RAJ

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

*Robinson v. Paramount Equity Mortg., LLC,*
    No. 214CV02359TLNCKD, 2017 WL 117941 (E.D. Cal. Jan. 10, 2017) ..................... 8

*Rodriguez v. West Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ....................................................................... 17

*Roes, 1-2 v. SFBSC Mgmt., LLC,*
    944 F.3d 1035 (9th Cir. 2019) ..................................................................... 16

*Ruch v. AM Retail Group, Inc.,*
    No. 14-cv-05352-MEJ, 2016 WL 1161453  (N.D. Cal. Mar. 24, 2016) ....................... 15

*Tyson Foods, Inc. v. Bouaphakeo,*
    136 S. Ct. 1036 (2016) ............................................................................. 12

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ................................................................................. 10

## RULES

Fed. R. Civ. P. 23(c)(3) ................................................................................ 20

Fed. R. Civ. P. 23(a) ............................................................................... 8, 9

Fed. R. Civ. P. 23(b)(3) ..................................................................... 8, 12, 13

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................... 20

Fed. R. Civ. P. 23(e)(1) ......................................................................... 13, 20

Fed. R. Civ. P. 23(e)(2) ......................................................................... 14, 15

Fed. R. Civ. P. 23(e)(3) .............................................................................. 14

## STATUTES

RCW 49.46.090(2) .................................................................................... 19

RCW 49.48.030 ...................................................................................... 19

RCW 49.52.070 ...................................................................................... 19

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - v
CASE NO. 2:18-cv-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

1

## OTHER AUTHORITIES

2  *Newberg on Class Actions* § 23:18 (5th ed.) ................................................................. 9

3  *Newberg on Class Actions* § 23:20 (5th ed.) ............................................................. 10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - vi
CASE NO. 2:18-CV-00681-RAJ

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

# I.  INTRODUCTION

Plaintiff Kurt Skau is a former employee of JBS Carriers, Inc. ("JBS") who brings this case as a class action on behalf of all similarly situated individuals who worked for JBS as drivers. Dkt.# 1-1 at ¶ 4.1. JBS is an interstate and regional truckload transportation company that employs drivers based in the state of Washington. *Id.* at ¶ 3.2. JBS pays its drivers on a piece-rate basis for each mile driven and for certain other activities. *Id.* at ¶ 5.2.

Plaintiff brought suit alleging that JBS has engaged in a common course of failing to pay drivers at least a minimum wage for all hours spent performing many work activities—including for time spent fueling, scaling, loading, washing equipment, and inspections—and for all hours of work during mandatory orientation and driver training. *Id.* at ¶¶ 5.3–5.5. Plaintiff also alleges that JBS has engaged in a common course of failing to compensate drivers for the rest breaks to which they are entitled under Washington law, failing to pay overtime wages to drivers, and failing to keep true and accurate time records for all hours worked by drivers. *Id.* at ¶¶ 5.7–5.15. Finally, Plaintiff alleges that JBS' violations of Washington law have been willful. *Id.* at ¶¶ 10.2–10.5.

The parties have reached an agreement to settle the case on a class-wide basis and Plaintiff seeks the Court's approval of notice of the settlement to the Class. The settlement requires JBS to pay a Maximum Settlement Amount of $187,000.  (Unless otherwise noted, all capitalized terms have the definitions set forth in the Settlement Agreement and Release attached as <u>Exhibit 1</u> to the Declaration of Hardeep Rekhi ("Rekhi Decl.")). From this, JBS will establish a non-reversionary Class Fund with a value of $87,500, which will be used to make payments to the approximately 20 Class Members. Plaintiff will request a service award of $2,500 to be paid out of the Class Fund. Subject to Court approval, Settlement Administration costs of up to $1,000 will be paid out of the Class Fund. After subtracting those costs, the remaining $84,000 of the Class Fund will be distributed to the Class Members.  The average estimated payment to Class Members is $4,200 each. Estimated cash awards will range from

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 1
CASE NO. 2:18-CV-00681-RAJ

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

$235.95 to $19,734.69, and will be based on the number of hours and weeks worked by the Class Member, the length of their trainee period, and their recorded wages.

The remainder of the Maximum Settlement Amount will be used to pay attorney fees and costs approved by the Court. Plaintiff's counsel will file a separate motion for attorney fees and costs.

The settlement is an excellent result for Class Members, and is fair, adequate, and reasonable. Accordingly, Plaintiff respectfully requests that the Court take the following initial steps in the settlement approval process: (1) provisionally certify the proposed Class; (2) grant preliminary approval of the settlement; (3) approve the proposed notice plan; (4) appoint Simpluris to serve as the Class Administrator; and (5) schedule the final fairness hearing and related dates.

## II.  BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff Skau worked for JBS as a driver from approximately November 9, 2015, to May 5, 2017. The proposed Class is defined as all former employees of JBS Carriers, Inc. who worked as drivers for the JBS while residing in the State of Washington at any time between September 5, 2014 and February 5, 2020. JBS' counsel has represented that JBS no longer employs any Washington-based drivers and that none of the members of the proposed Class currently work for JBS. Proposed Class Members' job duties included driving JBS trucks and transporting its products, which included meat and non-agricultural goods. JBS followed a common wage payment scheme with regard to these drivers, and this scheme is the basis for the class claims. That is, JBS' uniform policies and practices at issue applied to all its Washington drivers.

Plaintiff alleges the following on behalf of the above-identified proposed Class:

- Failure to pay Class Members at least the minimum wage for work time spent in mandatory orientation and driver training. Dkt. # 1-1, ¶¶ 5.1, 5.3;

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

- Failure to pay Class Members an average of at least minimum wage for all on-the-clock hours worked. *Id.* ¶¶ 5.1, 5.4;

- Failure to pay Class Members at least the minimum wage for off-the-clock non-driving work the drivers performed. *Id.* ¶¶ 5.1, 5.5-5.6;

- Failure to pay Class Members overtime for hours worked beyond 40 in a week. *Id.* ¶¶ 5.10-5.11;

- Failure to separately pay Class Members for rest breaks. *Id.* ¶¶ 5.7-5.8;

- Failure to keep true and accurate time records for hours worked by Class Members. Id. ¶¶ 5.13-5.14; and

- JBS willfully committed the above wage violations. Id. ¶ 10.3.

**B.   Procedural Background**

Plaintiff Skau filed his Class Action Complaint in King County Superior Court on September 5, 2017. JBS removed this action to this Court. Case 2:17-cv-01499-JCC Dkt. # 1. It was then remanded, and later removed to this Court a second time. Case 2:17-cv-01499-JCC Dkt. # 22; 2:18-CV-00681-RAJ, Dkt. # 1. This Court declined to remand back to King County in December 2018. Dkt. # 16. On January 30, 2019, JBS moved for judgment on the pleadings. Dkt. # 23. On February 7, 2019, the Washington State Attorney General and Washington State Department of Labor and Industries moved to intervene in this action. Dkt. # 24. On September 23, 2019, the Court denied JBS' motion for judgment on the pleadings and granted Washington State's motion to intervene. Dkt. # 47.

**C.   The Parties Engage in Substantial Discovery**

In the years following the filing of the complaint, the parties engaged in substantial discovery. Rekhi Decl. ¶ 14. The parties exchanged initial disclosures in January 2019. *Id*. Defendant supplemented these disclosures once in November 2019. *Id*. Plaintiff supplemented his disclosures twice, once in October 2019, and a second time in January 2020. *Id*.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

Plaintiff served written discovery on JBS, to which JBS responded. *Id.* Through these discovery requests, Plaintiffs obtained and analyzed Class Member time and payment data and documents regarding JBS' policies and procedures. *Id.* ¶ 15. Plaintiff's counsel contacted some of the proposed Class Members to confirm details relating to Plaintiff's allegations. *Id.* Plaintiff's counsel conducted an extensive analysis of this information and prepared a thorough damages analysis that was presented to JBS. *Id.* Plaintiff's counsel revised and perfected the methodology used for this analysis on multiple occasions prior to mediation. *Id.* In addition, Plaintiff responded to interrogatories and requests for production propounded by JBS. *Id.*

### D. The Settlement Negotiations

On February 5, 2020, the parties participated in a full-day mediation with the Honorable Bruce Hilyer (ret.) of Hilyer Dispute Resolution. Rekhi Decl. ¶ 16. The mediation culminated in an agreement as to the material terms of the settlement. *Id.* The parties continued to negotiate the settlement terms over the next several months and executed a long-form Settlement Agreement on April 22, 2020. *Id.* ¶ 16, Ex. 1 ("Settlement Agreement").

All of the parties' settlement negotiations have been non-collusive and at arm's length. *Id.* ¶ 17. The parties have reached a class wide settlement in this case that Plaintiff and Plaintiff's counsel believe is fair, adequate, reasonable, and in the best interests of the Class. *Id.*

### III. SETTLEMENT TERMS

The details of the settlement are contained in the Settlement Agreement and Release of Claims, a summary of which is below.

### A. The Proposed Class

The proposed Class definition for settlement purposes is:

> [A]ll former employees of JBS Carriers, Inc. who worked as drivers for the Company while residing in the State of Washington at any time between September 5, 2014 and February 5, 2020 and who have been identified by Defendant as such prior to executing this Agreement.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

Settlement Agreement § VII.1.e. The Settlement Class includes such individuals, excepting those who timely opt out of the Settlement Agreement. *Id.* § VII.1.f.

**B.    Monetary Relief**

JBS will pay a Maximum Settlement Amount of $187,500. Of this, JBS will pay $87,500 into a Class Fund. *Id.* §§ VII.1.l. Out of this Class Fund, JBS will pay a service award to Plaintiff of not more than $2,500 and a Settlement Administration Expense Award of not more than $1,000, if approved by the Court. *Id.* §§ VII.1.n, VII.1.o. The remainder of the Class Fund will go to Settlement Awards for Class Members. *Id.* § VII.1.m.

Subject to court approval, the Settlement Agreement also provides an Attorney's Fees and Costs Award of $100,000. *Id.* § VII.1.p.

1.    <u>Payments to Settlement Class Members</u>

Class Members who do not opt out will be paid a pro rata share of the $87,500 Class Fund, after first subtracting the Service Award and the Settlement Administration Expense Award awarded by the Court from the Class Fund. *Id.* § VII.5.b. The pro rata share will be based on Plaintiff's counsel's damages calculations. *Id.* The Settlement Agreement provides that Class counsel's damages calculations will take into account the hourly rates and hours worked by each Settlement Class Member compared to the hourly rates and hours worked by all Settlement Class Members. *Id.* Plaintiff's counsel will calculate the Settlement Awards based on the data JBS has provided. *Id.* If any Proposed Class Member timely and validly opts out of the Settlement, as described below, his or her share will be added to the Class Fund and the individual Settlement Awards will be re-calculated. *Id.*

Settlement Awards will be allocated equally between wages and non-wages. *Id.* § VII.5.e. JBS will separately pay all employer-side payroll taxes. *Id.* § VII.5.f.

According to JBS' records, there are 20 Class Members with alleged damages. If no Class Members exclude themselves and all Class Members have deliverable addresses, the

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

payment for Settlement Class Member will range from $235.95 to $19,734.69. Rekhi Decl. ¶ 18.

2.    Class administration fees and costs

The Settlement Agreement provides that any class administration fees and costs will be paid from the Class Fund. *Id.* § VII.1.o. After soliciting and reviewing bids, Plaintiff's counsel propose to retain Simpluris as the Class Administrator, subject to Court approval. Simpluris will be responsible for conducting a reasonable investigation to update Proposed Class Members' contact information obtained from JBS, preparing, printing, and mailing the Long Form Notice of Settlement to the Proposed Class, emailing the Email Notice to the Proposed Class, receiving undeliverable mailings and e-mailings and notifying the Parties of such undeliverable mailings and emailing, tracing undeliverable mailings, running social security tracings, recording and tracking responses, opt-outs, and objections from the Proposed Class, and tracking and responding to any inquiries made by any member of the Proposed Class. *Id.* § VII.8.a.

3.    Class Representative's Service Award

Plaintiff's counsel will request a $2,500 Service Award for Plaintiff in recognition of his service to the Class. Plaintiff assisted counsel in understanding the facts and preparing the complaint, responded to written discovery, and attended mediation. Rekhi Decl. ¶ 19.

4.    Attorneys' fees and litigation expenses

Plaintiff's counsel will request that the Court approve a combined award of attorneys' fees and litigation expenses of $100,000. Settlement Agreement § VII.6. This amount is significantly less than Plaintiff's counsel's current lodestar, which to date totals at least $209,000, and is estimated to be approximately $230,000 through completion of this action. Plaintiff's counsel have incurred more than $1,050 in out-of-pocket costs in prosecuting this action. Rekhi Decl. ¶ 20; Declaration of Toby J. Marshall ("Marshall Decl.") ¶ 14. Securing Court approval of the settlement, making sure the settlement is fairly administered and

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6
CASE NO. 2:18-CV-00681-RAJ

implemented, and obtaining dismissal will require an additional time commitment. Plaintiff's counsel will file a motion requesting approval of an attorneys' fee and cost award to compensate and reimburse them for the work already performed in this case and the work remaining to be performed in connection with the settlement. Settlement Agreement § IV.2. In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), Plaintiff's counsel will file their motion at least thirty days before the deadline for Class Members to object and will be posted to the settlement website within one business day of filing. The Settlement Agreement is not contingent on the attorney fees or costs awarded. *See Settlement Agreement.* § VII.6.

**C.    Release**

The release is appropriately tailored to the claims made in the case. In exchange for the benefits provided by the settlement, Settlement Class Members will release the following claims against JBS: (1) failure to provide paid rest breaks; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to pay wages upon separation of employment; (5) willful deprivation of wages; and (6) and other claims that were or could have been pled based on the factual allegations contained in this case. Settlement Agreement § VII.2.

**D.    Notice Plan**

The parties propose a notice plan that includes a Long Form Notice sent via U.S. Mail and an Email Notice sent electronically to Class Members. *Id.* § VII.9.c, Ex. A, & Ex. B. The Settlement Administrator will be responsible for sending these notices. *Id.* § VII.8.a. Notices will be sent using address information from JBS' records and "skiptrace" using the National Change of Address database to obtain updated address if a Class Member cannot be reached at the last known address. *Id.* §§ VII.8.b, 9.g. Full details of the notice plan are described below.

## IV.  ARGUMENT AND AUTHORITY

The Court's role at preliminary approval is to determine whether it is appropriate to provide notice of the proposed settlement to the class. *Robinson v. Paramount Equity Mortg.,*

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
CASE NO. 2:18-CV-00681-RAJ

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

1  *LLC*, No. 214CV02359TLNCKD, 2017 WL 117941, at *3 (E.D. Cal. Jan. 10, 2017) ("The

2  approval of a class action settlement takes place in two phases. In the first phase, the [C]ourt

3  preliminarily approve[s] the [s]ettlement pending a fairness hearing, temporarily certifie[s] the

4  Class . . . and authorizes notice to be given to the Class.") (internal quotation marks omitted).

5  Plaintiff first addresses the merits of the proposed settlement and basis for provisional class

6  certification. Then, Plaintiff discusses the proposed Notice Plan and schedule for final

7  approval.

8    **A.    The Class Should be Preliminarily Certified**

9        The Class satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) ("Rule 23"). The

10  Rule 23(a) requirements are numerosity, commonality, typicality and adequacy. Rule 23(b)(3)

11  requires Plaintiffs to establish "that the questions of law or fact common to class members

12  predominate over any questions affecting only individual members, and that a class action is

13  superior to other available methods for fairly and efficiently adjudicating the controversy." The

14  Ninth Circuit recently provided guidance to courts in evaluating whether settlement classes

15  should be certified, stating "the aspects of Rule 23(a) and (b) that are important to certifying a

16  settlement class are 'those designed to protect absentees by blocking unwarranted or overbroad

17  class definitions.'" *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019)

18  (citation omitted). "The focus is on whether a proposed class has sufficient unity so that absent

19  members can fairly be bound by decisions of class representatives." *Id.* (citation and quotation

20  omitted).

21        1.      The Class satisfies the requirements of Rule 23(a).

22        This is a wage and hour case for truck drivers. Courts in the Western District of

23  Washington have certified the same and similar claims of drivers against their trucking

24  employers. *See Helde v. Knight Transp., Inc.*, No. C12-0904RSL, 2013 WL 5588311, at *1–2

25  (W.D. Wash. Oct. 9, 2013) (Order Regarding Motion for Class Certification); *Mendis v.*

26  *Schneider Nat'l Carriers, Inc.*, No. C15-0144-JCC, 2017 WL 497600, at *2–3 (W.D. Wash.

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 8
CASE NO. 2:18-CV-00681-RAJ

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

Feb. 7, 2017) (Order Granting Motion to Certify Class).

2.    The proposed Class has 20 members.

The standard for CR 23(a)'s numerosity prong is simply that the class is "so numerous that joinder of all members is impracticable." As Newberg explains, employment cases with smaller classes "move from reliance on the number of proposed class members alone to a more fact-intensive inquiry about whether joinder is impracticable." 7 Newberg on Class Actions § 23:18 (5th ed.) ("*Newberg*").

> In such cases, courts tend to consider factors such as: (1) the judicial economy arising from avoidance of a multiplicity of actions; (2) the geographic dispersion of class members; (3) the size of individual claims; (4) the financial resources of class members; (5) the ability of claimants to institute individual suits; and (6) fear of retaliation.

*Id.*

Here, it would be impracticable to join these drivers – who are spread across 12 of Washington's 39 counties, and who do not necessarily know each other – into a single lawsuit. Rekhi Decl ¶ 21. The claims are relatively small. The average number of weeks worked by the drivers during the class period was only 26.85. *Id.* ¶ 18. By Plaintiff's counsel's calculations, the recovery for the class members ranges from as little as $235.95 to only as much as $19,734.69 before interest. *Id.* The average recovery would be $4,200. *Id.* Most likely, the average recovery would be much less because these damages calculations assume recovery for five hours off-the-clock work, for which representative evidence would be required. For almost all Class Members, a representative class action like this is a practical necessity to any recovery at all. *See Pole v. Estenson Logistics, LLC*, 2016 WL 4238635, *5 (C.D. Cal. 2016) (finding numerosity for an employment wage and hour class with either 17 or 51 members in part because class members would not be able to sue separately because of low personal financial resources and small claims). Litigating and resolving proposed Class Members' claims through a class action serves the judicial economy by preventing multiple lawsuits against JBS

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 9
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

1   throughout Washington.

2       Federal courts have certified classes similar in size to the proposed Class here. *See*

3   *Jackson v. Danberg*, 240 F.R.D. 145, 147–48 (D. Del. 2007) (holding that the numerosity

4   requirement was satisfied by a class that contained only 16 members); *Bublitz v. E.I. du Pont de*

5   *Nemours and Co.*, 202 F.R.D. 251, 255–56 (S.D. Iowa 2001) (finding that 17 former employees

6   suing their former employer met the numerosity requirement, noting that other courts have

7   certified similarly small classes); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 55–57 (N.D. Ill.

8   1996) (finding that 18 plaintiffs satisfied the numerosity requirement due to the geographic

9   dispersion of the plaintiffs across three different states and the judicial economy of resolving

10  the plaintiffs' claims in one suit). Thus, numerosity is satisfied.

11      The Class also satisfies the commonality requirement, which requires that class

12  members' claims "depend upon a common contention," of such a nature that "determination of

13  its truth or falsity will resolve an issue that is central to the validity of each [claim] in one

14  stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The commonality

15  requirement has "'been construed permissively' and '[a]ll questions of fact and law need not be

16  common to satisfy the rule.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir.

17  2011) (alteration in original) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.

18  1998)). As *Newberg* discusses in relation to employment-related class actions, "[c]ommonality

19  requires the class's proponent to demonstrate that her situation is shared by the other workers

20  she proposes to represent, with the application of a common policy to all workers being the

21  simplest demonstration of commonality." *Newberg* § 23:20.

22      The central common issues in this case are whether JBS paid Plaintiff and the Class of

23  20 drivers for all hours worked at least the minimum wage rate, hour worked beyond 40 at the

24  overtime rate, and for rest breaks. *See* Dkt. # 1-1 ¶¶ 4.3, 4.6. Here, all the Class Members are

25  driver employees of JBS who performed identical job duties and were subjected to a common

26  set of employment policies. *Id*. Plaintiff's allegations as to being owed minimum wage for all

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 10
CASE NO. 2:18-CV-00681-RAJ

hours worked, overtime pay for hours worked beyond 40 in a week, and paid rest breaks also apply to the similarly-situated Class Members. *Id*. That is, there is a common set of contentions. The proposed Class therefore has sufficient unity to fairly bind the Settlement Class Members.

Typicality is satisfied because Plaintiff's claims are "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003). Here, Plaintiffs claims are the same as those for the absent class members. Plaintiff alleges that he is owed minimum wage for all hours worked, overtime, and paid rest breaks. *See* Dkt. 1-1 ¶ 4.3. He makes the same allegations of the absent Class Members, who performed the same job he did for the same employer, subject to a common, uniform set of policies. *Id.* ¶ 4.4.

Finally, the adequacy requirement is satisfied when the class representatives will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To make this determination, "courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 566 (citation omitted). Plaintiff has no conflicts of interest with the other proposed Class Members and has demonstrated his commitment to the class by actively participating in the litigation. Rekhi. Decl. ¶ 22. Plaintiff has responded to JBS' discovery requests, assisted with drafting the Complaint, and attended the all-day mediation with Judge Hilyer. Rekhi Decl. ¶ 19. Plaintiff and Plaintiff's counsel have continued to vigorously represent the class and have no conflicts of interest with any Settlement Class Members. Plaintiff's counsel has conducted substantial investigation into the claims and evidence in this case. Rekhi Decl. ¶¶ 14-17; Marshall Decl. ¶¶ 2-12. They have substantial experience, knowledge of the law, and are capable of finalizing the settlement here. Fed. R. Civ. P. 23(g); Rekhi Decl. ¶¶ 2-13; Marshall Decl. ¶¶ 2-12.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 11
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

1

        3.      The Class satisfies the requirements of Rule 23(b)(3).

2

        Class certification is appropriate under Rule 23(b)(3) when "questions of law or fact

3

common to the members of the class predominate over any question affecting only individual

4

members, and . . . a class action is superior to other available methods for the fair and efficient

5

adjudication of the controversy."

6

        The predominance inquiry concerns whether a proposed class is sufficiently cohesive to

7

warrant adjudication by representation. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623

8

(1997). Predominance is satisfied when "the common, aggregation-enabling issues in the case

9

are more prevalent or important than the non-common, aggregation-defeating, individual

10

issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted).

11

"[A] common question is one where 'the same evidence will suffice for each member to make a

12

prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.* (citation

13

omitted). A plaintiff does not need to "prove that each 'element of her claim is susceptible to

14

classwide proof.'" *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196

15

(2013) (citation and alterations omitted). Rather, "[w]hen common questions present a

16

significant aspect of the case and they can be resolved for all members of the class in a single

17

adjudication, there is clear justification for handling the dispute on a representative rather than

18

on an individual basis." *Hanlon*, 150 F.3d at 1022 (citation omitted).

19

        Predominance is satisfied because the common and overarching questions in this case

20

are whether JBS paid Plaintiff and the Class of 20 drivers for all hours worked at no less than

21

the minimum wage rate, hour worked beyond 40 at the overtime rate, and for rest breaks. *See*

22

Dkt. 1-1 ¶¶ 4.3, 4.6. The answer to these questions can be determined through JBS' records,

23

including JBS' payroll and timecard data. In addition, there are no materially different

24

questions of law or fact that exist between Plaintiff and the Class.

25

        Superiority is also satisfied because resolution of 20 relatively small-value claims in this

26

one action is far preferable to a multitude of individual lawsuits and promotes consistency and

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 12
CASE NO. 2:18-CV-00681-RAJ

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

1  efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). Accordingly, the class action format is

2  superior to individual actions.

3  **B.      The Proposed Settlement Should be Preliminarily Approved**

4          The Court should grant preliminary approval of a proposed class action settlement when

5  the moving parties demonstrate that the court will "likely be able to" grant final approval to the

6  settlement. Fed. R. Civ. P. 23(e)(1). "Though Rule 23 does not explicitly provide for such a

7  procedure, federal courts generally find preliminary approval of settlement and notice to the

8  proposed class appropriate if the proposed settlement appears to be the product of serious,

9  informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant

10 preferential treatment to class representatives or segments of the class, and falls within the

11 range of possible approval." *Milburn v. PetSmart, Inc.*, No. 118CV00535DADSKO, 2019 WL

12 1746056, at *4 (E.D. Cal. Apr. 18, 2019) (internal quotation marks omitted); *see also Hanlon v.*

13 *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (citation omitted) ("the agreement is not

14 the product of fraud or overreaching by, or collusion between, the negotiating parties, and that

15 the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."); *see also In*

16 *re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

17         The Ninth Circuit has used the following factors to assess whether a proposed

18 settlement is fair, reasonable, and adequate: (1) the strength of Plaintiff's case; (2) the risk,

19 expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class

20 action status through trial; (4) the amount offered in settlement; (5) the extent of discovery

21 completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the

22 presence of a governmental participant; and (8) the reaction of the class members to the

23 proposed settlement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th

24 Cir. 2011) (quoting *Churchill Village, LLC v. General Electric*, 362 F.3d 566, 575 (9th Cir.

25 2004)).

26

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 13
CASE NO. 2:18-CV-00681-RAJ

Rule 23(e)(2) provides additional guidance for settlement approval. Recent revisions to the Rule require parties to provide courts with sufficient information to determine that it will likely be able to approve the settlement as fair, reasonable and adequate. The considerations are whether (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (D) the proposal treats class members equitably relative to each other.

Plaintiff will address the factors outlined by the Ninth Circuit and Rule 23(e)(2), many of which overlap.

### 1.    The settlement is the result of arm's-length, non-collusive negotiations.

The parties negotiated the settlement at arm's length over the course of several months. "Arm's length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999) ("[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement entered into in good faith, following arm's-length and non-collusive negotiations).

The negotiations were conducted with the assistance of Bruce Hilyer, a retired King County Superior Court judge and experienced mediator, and included a full-day mediation. *See Ruch v. AM Retail Group, Inc.,* No. 14-cv-05352-MEJ, 2016 WL 1161453, at *11 (N.D. Cal.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 14
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

Mar. 24, 2016) (holding that the "process by which the parties reached their settlement," which included "formal mediation … weigh[ed] in favor of preliminary approval"); Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests").

Plaintiff's counsel negotiated the settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. Rekhi Decl. ¶¶ 2-13, 24. Plaintiff's counsel have extensive experience litigating and settling class actions, and employment class actions challenging wage and hour practices among motor vehicle carriers in particular. *Id*. ¶¶ 12-13. Plaintiff's Counsel believe the settlement is fair, reasonable, adequate, and in the best interest of the Class as a whole. *Id*. ¶ 17. The recommendation of experienced counsel weighs in favor of granting approval and creates a presumption of reasonableness. *See Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties." (citation omitted)); *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) (citing counsel's experience and recommendation as weighing in favor of approval). The fact that qualified and well-informed counsel endorse the settlement as fair, reasonable, and adequate weighs heavily in favor of preliminary approval.

The Ninth Circuit has identified "red flags" that may suggest that plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations, including when counsel receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 569. None is present in this settlement. The attorney fees are substantially less than the lodestar amount and do not come out of the Class Fund. There is no "clear sailing" arrangements. There is no

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 15
Case No. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

reversion of funds to JBS. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1060 (9th Cir. 2019) (discussing "questionable aspects of the settlement" including "the clear sailing agreement, the disproportionate cash distribution to attorneys' fees justified in part by potentially inflated non-monetary relief, the large incentive awards . . . , and the reversionary clauses").

    2.    <u>The relief provided by the settlement is adequate considering the strength of Plaintiffs' case, the risk of maintaining a class action through trial, and the risk, cost, and delay of trial and appeal.</u>

JBS' agreement to pay $187,500 to settle this case is more than adequate given the risks and delay of continued litigation. The monetary benefits of the Class Fund—which does not include attorney fees and costs—are over 100% of the calculated damages and some interest Plaintiff's counsel estimated for purposes of mediation. This percentage exceeds similar settlements approved by other courts. *See Knapp v. Art.com, Inc.*, 283 F.Supp.3d 823, 833 (N.D. Cal. 2017) (approving settlement of consumer class action that provided 42% of the average total potential recovery and injunctive relief); *Cavnar v. BounceBack, Inc*., No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15, 2015) (approving settlement providing 15.6% of alleged unlawful collection fees paid by class members alleging FDCPA and Consumer Protection Act violations); *Estate of Brown v. Consumer Law Assocs*., No. , 2013 EL 2285368, at *3 (E.D. Wash. May 23, 2013) (approving settlement of class claims under Consumer Protection Act paying class members and estimated 30% of funds collected for challenged debt adjusting practices); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming the district court's approval of a settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss).

Plaintiff is confident in the strength of their case but are also pragmatic about the risks inherent in litigation and various defenses available to JBS. In Plaintiff's view, liability on some claims was relatively clear based on JBS' failure to pay drivers separately for rest breaks and the records of hours worked by drivers during orientation. But success was certainly not

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 16
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

guaranteed. JBS has consistently denied liability for Plaintiff's claims (Settlement Agreement § VI) and asserted 16 affirmative defenses. Dkt. # 52-3 at 9-11. On February 5, 2020, the Court permitted JBS to amend its answer to add a preemption defense after the Federal Motor Carrier Safety Administration ("FMCSA") issued an Order purporting to preempt California's break rules. Dkt. # 58. This preemption argument is one reason why the State of Washington intervened in this case. Dkt. # 24. JBS strenuously opposes the very ability of Washington State to enforce its rest break laws on drivers like the Class. Dkt. # 13. Proving hours worked off-the-clock necessary requires credible testimony from Plaintiff and other Class Members, and the trier of fact could have rejected such testimony. Plaintiff still had several obstacles to clear before resolution through further litigation, including additional discovery and his deposition, dispositive motions likely to be filed by both parties, and ultimately trial and any appeal that followed. Plaintiff also recognizes that class certification is never certain, as the Class here is 20 people, which is below the presumptively numerous class size of 40. JBS could move to decertify or appeal after trial. Plaintiff therefore faced the ongoing risk that individual Class Members would have to file their own lawsuits or that payouts on any class-wide recovery would be substantially delayed by appeals.

Litigating this case to trial and through any appeals would be expensive and time-consuming and would present risk to both parties. The settlement, by contrast, provides prompt and certain relief for Class Members. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." (citation omitted)). The possibility that Settlement Class Members could end up recovering nothing at all was significant enough to convince Plaintiff and Plaintiff's counsel that the settlement outweighs the risk and expense of further litigation.

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

3.      Counsel are well informed of the strengths and weaknesses of the claims and
defenses and support the settlement.

"A key inquiry is whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink, Inc. v. World Business Lenders*, Case No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016); *see also In re Mego Fin. Corp. Sec. Litig*., 213 F.3d at 459. The parties have been engaged in this litigation for over two years and have sufficient information to make an informed decision with respect to the settlement. Rekhi Decl. ¶ 24. Prior to mediation, JBS responded to Plaintiff's written discovery requests and produced time and pay data for the Class. *Id.* Plaintiff reviewed and analyzed the documents and data and prepared damage models using the data. *Id.* Plaintiff's counsel has also interviewed proposed Class Members regarding their experience as drivers for JBS. Plaintiff has engaged in sufficient discovery to assess the strength of the class claims, the amount of damages incurred by the Class, and the risks of continued litigation.

4.      The settlement will be fairly distributed to Settlement Class Members.

The funds will be allocated to Settlement Class Members in a manner that is fair and reasonable. *See, e.g.*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (explaining that when some class members have stronger claims than others, it is appropriate to provide larger settlement awards to those class members). Each Settlement Class Member's share will be based on his or her actual damages.

Class Members who do not opt out will be paid a pro rata share of the $87,500 Class Fund, after first subtracting the Service Award and the Settlement Administration Expenses Award awarded by the Court from the Class Fund. Settlement Agreement § VII.5.b. The pro rate share will be based on Plaintiff's counsel's damages calculations. *Id.* Plaintiff's counsel's damages calculations will take into account the hourly rates and hours worked by each Settlement Class Member compared to the hourly rates and hours worked by all Settlement Class Members. *Id*. Plaintiff's counsel will calculate the Settlement Awards based on the data

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 18
CASE NO. 2:18-CV-00681-RAJ

**REKHI & WOLK, P.S.**
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

1    JBS has provided. *Id*. If any Proposed Class Member timely and validly opts out of the

2    Settlement, as described below, his or her share will be added to the Class Fund and the

3    individual Settlement Awards will be re-calculated. *Id*.

4            5.     <u>Plaintiff's counsel will request approval of a fair and reasonable fee</u>

5            Plaintiff's counsel intends to request an award of $100,000 to compensate them for the

6    work performed on behalf of the Class, as well as to reimburse them for out-of-pocket expenses

7    they have incurred in prosecuting this action. Settlement Agreement § VII.6.

8            There are two methods for calculating attorney fees. The wage laws at issue in this case

9    provide for attorney fees, and thus a "lodestar" calculation is appropriate. *See* Dkt. 1-1 at 9-12

10   (citing RCW 49.48.030, RCW 49.46.090(2), and RCW 49.52.070). "The 'lodestar' is

11   calculated by multiplying the number of hours the prevailing party reasonably expended on the

12   litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978

13   (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir.

14   2001)). "[T]the lodestar figure is presumptively a reasonable fee award . . ." *Ferland*, 244 F.3d

15   1145, 1149 n. 4 (9th Cir. 2001).

16           As of this filing, Plaintiff's counsel have devoted over 705 hours and incurred over

17   $209,000 in fees and $1,050 in litigation expenses. Rekhi Decl. ¶ 20. Finalizing the settlement

18   and overseeing notice and distribution of the Class Fund will require an additional time

19   commitment. Rekhi Decl. ¶ 20; Marshal Decl. ¶ 13-14. The attorney fees that Plaintiff's

20   counsel will request represents a substantial discount to their lodestar calculation.

21           The attorneys' fees and costs Plaintiff's counsel seek are reasonable under the

22   circumstances of this case. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935,

23   941 (9th Cir. 2011) (requiring that any attorneys' fee awarded be reasonable).

24

25

26

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 19
Case No. 2:18-CV-00681-RAJ

1         6.     <u>The reaction of Class Members to the proposed settlement.</u>

2         Class Members have not yet had an opportunity to react to the proposed settlement

3    because notice has not yet gone out. Plaintiffs will provide the Court with information about

4    Class Members' reaction in their motion for final approval of the settlement

5    **C.    The Notice Plan Complies with Rule 23(e) and Due Process**

6         Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class

7    members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class

8    Members are entitled to the "best notice that is practicable under the circumstances" of any

9    proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B).

10   Under Rule 23(c)(2)(B) "notice may be by one or more of the following: United States mail,

11   electronic means, or other appropriate means." To comply with due process, notice must be

12   "the best notice practicable under the circumstances, including individual notice to all members

13   who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591,

14   617 (1997). The notice must state in plain, easily understood language: (i) the nature of the

15   action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that

16   a class member may enter an appearance through an attorney if the member so desires; (v) that

17   the court will exclude from the class any member who requests exclusion; (vi) the time and

18   manner for requesting exclusion; and (vii) the binding effect of a class judgment on members

19   under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B); *see also In re Hyundai and Kia Fuel Econ.*

20   *Litig.*, 926 F.3d at 567 ("[S]ettlement notices must 'present information about a proposed

21   settlement neutrally, simply, and understandably'") (citation omitted).

22        The parties have developed a Notice Plan that will include direct mail notice to Class

23   Members using address information from JBS' records. Settlement Agreement § VII.9.

24   Simpluris will send a Long Form Notice to Class Members directly using the most recent

25   address information available based on JBS' records and the United States Postal Service's

26   National Change of Address database. *Id.* § VII.8.c., 9.c(1). JBS will also perform a "skiptrace"

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 20
CASE NO. 2:18-CV-00681-RAJ

search for each Class Member whose notice is returned undeliverable. Id. § VII.9.g. In addition to the mail notice, an Email Notice will be sent to the Class Members via email. *Id*. § VII.9.c(1). Plaintiff's counsel will establish a toll-free number and website that Class Members can consult for more information.

The Long Form Notice and Email Notice, attached as Exhibits A and B to the Settlement Agreement, are drafted in plain English so they will be easy to understand. They include key information about the settlement, including the deadline to request exclusion or object to the settlement, and the date of the Final Approval Hearing (and that the hearing date may change without further notice). The Long Form Notice states the amount of the fee and cost award Plaintiff's counsel will request, the amount of the service award Plaintiff will request, and the maximum fees and costs that Plaintiff will request for the Class Administrator. Settlement Agreement Ex. A. The notices disclose that, by participating in the Settlement, Settlement Class Members give up the right to sue JBS for any legal claims that may arise from or relate to JBS' debt collection efforts based on the Stipulated Judgment Forms. The notices direct Class Members to the Settlement Website for further information, where copies of the notices, the Settlement Agreement, the complaint, and motions and orders relating to the Settlement will be posted. Settlement Agreement, Ex. A, B. The notices provide contact information for the Class Administrator to answer questions. *Id*., Ex. A, B.

Class Members will have forty-five days from the Initial Mailing Date to opt out of the Class or to submit objections. *Id*. § VII.1.i.-j., 9.g. After final approval, Simpluris will mail individual awards to all Settlement Class Members who have damages and for whom Simpluris has a deliverable address. *Id*. § 9.m. Settlement Payments will be calculated by Plaintiff's counsel based on JBS' data. *Id*. § VII.5. Class Members are not required to submit claims to receive payment. No funds will revert to JBS *Id.* at § VII.1.l.

The manner and content of the proposed Notice Plan complies with Rule 23 and due process.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 21
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

**D.      The Schedule for Final Approval.**

The next steps in the settlement approval process are to schedule a final approval hearing, notify Class Members of the settlement and hearing, and provide class members with the opportunity to exclude themselves from, or object to, settlement. The parties propose the following schedule for final approval of the settlement:

| ACTION | DATE |
|---|---|
| Deadline for Mailing Class Notice ("Initial Mailing Date") | 30 days after entry of Preliminary Approval Order |
| Plaintiff's counsel's Fee Motion Submitted | 30 days after entry of Preliminary Approval Order |
| Deadline to Object / Exclude ("Notice Deadline") | 45 days after Initial Mailing Date |
| Final Approval Brief and Response to Objections Due | No later than 14 days after Notice Deadline |
| Final Approval Hearing / Noting Date | At the Court's discretion, but no earlier than 28 days after the Notice Deadline |
| Final Approval Order Entered | At the Court's discretion |

## V.  CONCLUSION

Plaintiff respectfully requests that the Court take the following initial steps in the settlement approval process: (1) provisionally certify the Class; (2) grant preliminary approval of the settlement; (3) approve the proposed notice plan; (4) appoint Simpluris to serve as the Class Administrator; and (5) schedule the final fairness hearing and related dates.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 22
CASE NO. 2:18-CV-00681-RAJ

REKHI & WOLK, P.S.
529 Warren Ave N., Suite 2010
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.577.3924
www.rekhiwolk.com

1    RESPECTFULLY SUBMITTED AND DATED this 7th day of May, 2020.

2                                    REKHI & WOLK, P.S.

3

4                          By:  *s/ Hardeep S. Rekhi*
                                Hardeep S. Rekhi, WSBA No. 34579
5                               Gregory A. Wolk, WSBA No. 28946
                                Daniel Cairns, WSBA No. 49950
6                               529 Warren Avenue North, Suite 201
7                               Seattle, Washington 98109
                                Telephone: (206) 388-5887
8                               Facsimile: (206) 577-3924
                                Email: hardeep@rekhiwolk.com
9                                      greg@rekhiwolk.com
10                                     daniel@rekhiwolk.com

11                              Toby J. Marshall, WSBA No. 32726
                                Maria Hoisington-Bingham, WSBA No. 51493
12                              Benjamin M. Drachler, WSBA No. 51021
                                TERRELL MARSHALL LAW GROUP PLLC
13                              936 North 34th Street, Suite 300
14                              Seattle, Washington 98109
                                Telephone: (206) 816-6603
15                              Facsimile: (206) 319-5450
                                Email: tmarshall@terrellmarshall.com
16                                     mhoisington@terrellmarshall.com
                                       bdrachler@terrellmarshall.com
17

18                              *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 23
CASE NO. 2:18-CV-00681-RAJ

1

<u>CERTIFICATE OF SERVICE</u>

2

    I, Jeff Mead, hereby certify that on May 7, 2020, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to the following:

5

          Michael J. Killeen, WSBA #7837

6

          Email: mikekilleen@dwt.com
          Kristina Markosova, WSBA #47924

7

          Email: kristinamarkosova@dwt.com
          Email: cindylein@dwt.com

8

          Email: lindseystrickland@dwt.com
          DAVIS WRIGHT TREMAINE LLP

9

          920 Fifth Avenue, Suite 3300

10

          Seattle, Washington 98104
          Telephone: (206) 622-3150

11

          Facsimile: (206) 757-7700

12

          Jonathon Watson, *Admitted Pro Hac Vice*

13

          Email: jwatson@shermanhoward.com
          Joseph H. Hunt, *Admitted Pro Hac Vice*

14

          Email: jhunt@shermanhoward.com
          Email: amoore@shermanhoward.com

15

          Email: jkorte@shermanhoward.com
          Email: kedinger@shermanhoward.com

16

          Email: lhowell@shermandhoward.com
          SHERMAN & HOWARD LLC

17

          633 Seventeenth Street, Suite 3000

18

          Denver, Colorado 80202
          Telephone: (303) 299-8286

19

          Facsimile: (303) 298-0940

20

          *Attorneys for Defendant*

21

    DATED this 7th day of May, 2020.

22

23

              By:   /s/ Jeff Mead  
              Jeff Mead, Paralegal

24

              REKHI & WOLK, P.S.
              529 Warren Avenue N., Suite 201

25

              Seattle, WA 98109

26

              Telephone: (206) 388-5887

27