HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT SKAU, on behalf of himself and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JBS CARRIERS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:18-cv-00681-RAJ<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This matter comes before the Court on Plaintiff's unopposed motion for preliminary approval of class settlement (Dkt. # 59) and Plaintiff's declarations from class counsel (Dkt. ## 60-61). This litigation involves Defendant's alleged wage and hour violations. (*See generally* Dkt. # 1-1.) The Court has considered the following:

The Parties have entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement"), which sets forth the terms and conditions of the settlement and release of claims against Defendant. Having reviewed and considered the Settlement Agreement and all of the filings, records, and other submissions, the Court finds upon a preliminary examination that the Settlement Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT– 1

whether the Settlement Agreement should be finally approved pursuant to the terms and conditions set forth in the Settlement Agreement ("Final Approval Hearing").

Therefore, the Court FINDS, CONCLUDES and ORDERS as follows:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement (Dkt. # 60).

2. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

3. The Court preliminarily approves the Settlement Agreement and the terms set forth therein—including the relief afforded the Settlement Class, the service award to the Plaintiff, and the Settlement Administration expenses award—as being fair, reasonable and adequate.

4. The Court finds that (a) the Settlement Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular, and (b) the Settlement Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Final Approval Hearing described below.

5. The Court certifies the Settlement Class, which includes all former employees of JBS Carriers, Inc. who worked as drivers for the Company while residing in the State of Washington at any time between September 5, 2014 and February 5, 2020 and who have been identified by Defendant as such prior to executing the Settlement Agreement. The Settlement Class will not include any persons who validly request exclusion from the Class.

6. The Court appoints Plaintiff Kurt Skau as Class Representative and finds that for settlement purposes, the Class Representative has and will continue to fairly and adequately protect the interests of the Settlement Class.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT– 2

7. The Court appoints Rekhi & Wolk, P.S. and the Terrell Marshall Law Group PLLC as Class Counsel and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

8. The Court preliminarily finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable.

9. The Court appoints Simpluris as the Settlement Administrator, who shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10. The Court approves the proposed forms of notice and the plan for giving direct notice to the Settlement Class by U.S. Mail and also by Email as set forth in §§ VII.8-9 of the Settlement Agreement and its attached exhibits ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated under all circumstances to reasonably apprise the persons in the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

11. Pursuant to the Settlement Agreement, Defendant shall within five (5) business days confirm the identities of all Class Members and provide each such member's Social Security Number, last known address and phone number, and last known email address to the Settlement Administrator.

12. The Settlement Administrator shall provide individual notice via U.S. Mail and Email to the most recent mailing address and email address as reflected in Defendant's records no later than thirty (30) calendar days after entry of this Order.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT– 3

13. Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Settlement Administrator by mailing a signed, written request no later than forty-five (45) calendar days after the date notice is sent to the Settlement Class (the "Notice Deadline").

14. Any Settlement Class Member who desires to object to the fairness of this Settlement must submit a written objection to the Settlement Administrator no later than forty-five (45) calendar days from the date notice is mailed to the Settlement Class. The Settlement Administrator will submit copies of any such objection to counsel for the Parties within one court day of receiving the objection. Class Counsel shall file a memorandum addressing any timely and valid objections and identifying any requests for exclusion within fourteen (14) calendar days of the Notice Deadline.

15. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a hearing will be held before this Court to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court; to consider the application for a service award to the Class Representative; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for the payment for Settlement Administration fees and costs; to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and to rule on any other matters that the Court may deem appropriate.

16. The Final Approval Hearing is scheduled for February 5, 2021 at 9:00 a.m.

17. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this Settlement.

18. This Order and the Settlement are not admissions or concessions by Defendant of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT– 4

19. All proceedings in this Action are stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement the Settlement and this Order.

20. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

21. If Final Approval does not occur, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into; thus, this Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

22. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

23. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT– 5

with the Settlement. The Court may approve or modify the Settlement without further notice to Settlement Class Members.

24. The following timeline will govern proceedings through the Final Approval Hearing:

| ACTION | DATE |
| --- | --- |
| Deadline for Mailing Class Notice ("Initial Mailing Date") | 30 days after entry of Preliminary Approval Order |
| Plaintiff's counsel's Fee Motion Submitted | 30 days after entry of Preliminary Approval Order |
| Deadline to Object / Exclude ("Notice Deadline") | 45 days after Initial Mailing Date |
| Final Approval Brief and Response to Objections Due | No later than 14 days after Notice Deadline |
| Final Approval Hearing | February 5, 2021 at 9:00 a.m. |

IT IS SO ORDERED.

DATED this 19th day of October, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT– 6