THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KURT SKAU, on behalf of himself and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JBS CARRIERS, INC., a Delaware corporation,<br><br>Defendant. | NO. 2:18-CV-00681-RAJ<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**NOTED FOR CONSIDERATION:<br>February 5, 2020 at 9:00 a.m.** |

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
CASE NO. 2:18-CV-00681-RAJ

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## I. INTRODUCTION

Plaintiff Kurt Skau respectfully requests that the Court grant final approval of the class action settlement he reached with Defendant JBS Carriers, Inc. (Defendant or JBS). Plaintiff believes the settlement—which provides a non-reversionary payment of $87,500 for the benefit of the Class as well as a payment of $100,000 for attorneys' fees and costs—is fair, adequate, reasonable, and in the best interests of the Settlement Class.[1] Indeed, the Settlement is an excellent result for Settlement Class Members, who will receive 100 percent of their calculated damages as well as additional amounts reflecting interest or statutory damages.

The Settlement Administrator, Simpluris, Inc. (Simpluris), has successfully implemented the notice program. Together with follow up from Class Counsel, Simpluris provided direct notice to 100% percent of the Settlement Class. Simpluris has also maintained a toll-free telephone number for Settlement Class Members to call with questions about the settlement. Class Counsel has hosted a webpage identified on the notices through which Settlement Class Members can stay apprised of deadlines and access case documents, including Plaintiff's pending Motion for Approval of Attorney's Fees and Costs Payment. The notice program has reached all but one Settlement Class Member, is the best notice practicable under the circumstances, and satisfies due process.

For the reasons set forth below and in the other papers supporting settlement approval, the Settlement is fair, adequate, reasonable, and in the best interests of the Class. Accordingly, Plaintiff respectfully requests that the Court grant final approval of the Settlement by: (1) finding the Settlement to be fair, adequate, and reasonable; (2) determining that adequate notice was provided to the Class; and (3) approving the requested Class Representative service award, settlement administration expenses, and attorneys' fees and costs.

---

[1] Unless otherwise defined, capitalized terms have the same meaning as ascribed to them in the Settlement Agreement. Dkt. No. 60-1.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
CASE NO. 2:18-CV-00681-RAJ

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## II.  STATEMENT OF FACTS

On April 22, 2020, after a full-day mediation and several months of additional negotiation, the parties executed an Agreement to settle this matter on a class-wide basis. Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, JBS sent notice of the Settlement to the U.S. Attorney General and the Attorney General of Washington, which is the state where all Class Members reside. *See* Declaration of Gregory A. Wolk in Support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Wolk Decl."), Ex. 1.

On October 19, 2020, this Court granted Plaintiffs' motion for preliminary approval of the Settlement the parties reached in this class action lawsuit. Dkt. No. 65. After the Court granted preliminary approval, Simpluris mailed the court-approved notices and emailed the court-approved email notifications to all twenty Settlement Class Members. *See* Declaration of Nick Castro Regarding Notice and Administration ("Simpluris Decl.") ¶ 3. Before the notices were mailed, the names and addresses were updated using a National Change of Address ("NCOA") database. *Id*. ¶ 4. As of December 31, 2020, only one Notice has been returned as undeliverable. *Id*. ¶ 5. Class Counsel was able to locate and speak with the one Settlement Class Member whose notice was returned, and timely sent that individual the Notice. Wolk Decl. ¶ 3. Accordingly, 100% of Settlement Class Members have deliverable addresses and will be sent Settlement Award Checks.

Simpluris established a toll-free telephone number dedicated to answering calls from Settlement Class Members. Simpluris Decl. ¶ 6. Simpluris received two calls from Settlement Class Members. *Id*. Class Counsel also established a website dedicated to the Settlement.[2] The Settlement website provides access to Settlement documents and key pleadings, including Plaintiff's Motion for Approval of Attorney's Fees and Costs Payment. *See* f/n 2.

The deadline for opting out of or objecting to the Settlement was December 21, 2021. To date, no Settlement Class Members have objected or opted out. Simpluris Decl. ¶ 8. The

---

[2] *See* https://www.rekhiwolk.com/class-actions/jbs-carriers-truck-driver/.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
CASE NO. 2:18-CV-00681-RAJ

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Settlement requires JBS to make payments in the Maximum Settlement Amount of $187,500. From this, JBS will establish a non-reversionary Class Fund with a value of $87,500, which will be used to compensate the 20 Settlement Class Members, pay any Court-approved service award to Plaintiff, and pay Settlement administration expenses. *See* Dkt. No. 60-1 (Settlement Agreement) §§ VII.1.f., l, q. Plaintiff has also asked the Court to approve payment of $100,000 to Class Counsel to partially reimburse them for the attorneys' fees and costs they have incurred in this matter. *See* Dkt. No. 67.

The Settlement Agreement provides that all Settlement Class Members will receive a pro rata share of the Class Fund after the deduction of any Court-approved service award and settlement administration fees and costs. *See* Settlement Agreement § VII.1.q. Plaintiff has proposed a service award of $2,500 for his efforts as a representative of the Class and a settlement administration payment of $1,000 to Simpluris for its work administering the notice program. *Id.* §§ VII.1.n and o.

Assuming the Court approves the requested service award and payment for settlement administration expenses, Settlement Class Members will be paid their pro rata shares of the $84,000 remaining in the Class Fund. *Id.* Settlement Agreement § VII.5.b. Settlement Class Members will receive 100% of their damages plus an additional amount for interest or statutory damages. Payments will be based on each Settlement Class Members' share of the aggregate Class-wide damages as calculated by Class Counsel using the hours worked and hourly rates reflected in payroll data produced by JBS.

The payments to the 20 Settlement Class Members range from $235.95 to $19,734.69. Wolk Decl., ¶ 4. Settlement Awards will be allocated equally between wages and non-wages, and JBS will separately pay all employer-side payroll taxes. *Id.* §§ VII.5.e and f.

Given the excellent recovery to the Settlement Class, Plaintiff and Class Counsel believe the Settlement is fair, adequate, reasonable, and in the best interests of the Class. *See* Wolk Decl. ¶ 5.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
CASE NO. 2:18-CV-00681-RAJ

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## III.  ARGUMENT AND AUTHORITY

The approval process for a class action settlement takes place in three stages. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (describing three-stage settlement approval process). The Court has granted preliminary approval of the settlement and notice has been sent. Thus, the first two stages are complete. The Court now must determine whether, in light of all the information learned during the first two stages, final approval is warranted. *See id.*

This Court has broad discretion to approve or reject a proposed settlement. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019) (noting standard of review is clear abuse of discretion and emphasizing appellate court's review is "extremely limited"). When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61 (2015).

**A.  The Settlement Satisfies the Criteria for Final Approval.**

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether:

(A)  the class representatives and class counsel have adequately represented the class;
(B)  the proposal was negotiated at arm's length;
(C)  the relief provided for the class is adequate, taking into account:
  (i)  the costs, risks, and delay of trial and appeal;
  (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
  (iv)  any agreement required to be identified under Rule 23(e)(3); and

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

(D) the proposal treats class members equitably relative to each other.

The amendment to Rule 23 adopting these factors took effect on December 1, 2018, and there is no binding authority addressing them yet. But the factors are largely consistent with those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. Those factors are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). The Ninth Circuit has characterized these factors as "guideposts" and explained that "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

1. <u>The strength of Plaintiffs' case.</u>

Plaintiff continues to believe he has a very strong case but is also pragmatic in his awareness of the risks inherent in litigation. At the time the case settled, Plaintiff had not yet moved for class certification. Defendant would have opposed class certification, pointing out that the proposed Class would include just twenty individuals, below the presumptively numerous class size of forty. JBS could also move to decertify or appeal after trial. Plaintiff therefore faced the ongoing risk that individual Class Members would have to file their own lawsuits or that payouts on any class-wide recovery would be substantially delayed by appeals.

JBS has also consistently denied liability for Plaintiff's claims (Settlement Agreement § VI) and asserted 16 affirmative defenses. Dkt. No. 52-3 ¶¶ 9-11. On February 5, 2020, the Court permitted JBS to amend its answer to add a preemption defense after the Federal Motor

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Carrier Safety Administration ("FMCSA") issued an Order purporting to preempt California's break rules. Dkt. No. 58. This preemption argument is one reason why the State of Washington intervened in this case. Dkt. No. 24. JBS strenuously opposes the very ability of Washington State to enforce its rest break laws on drivers like Settlement Class Members. Dkt. No. 13. Indeed, the FMSCA recently issued another Order purporting to preempt Washington's break rules. Wolk Decl. ¶ 6.

In addition, proving hours worked off-the-clock necessarily requires credible testimony from Plaintiff and other Class Members, and it would be a hurdle to prove this claim with such representative evidence. Plaintiff still had several obstacles to clear before resolution through further litigation, including additional discovery and his deposition, dispositive motions likely to be filed by both parties, and ultimately trial and any appeal that followed. Despite these pitfalls, Class Counsel obtained a Settlement that provides Class Members with 100% of their unpaid wages and an additional amount for interest or statutory damages.

2. <u>The risk, expense, complexity, and likely duration of further litigation.</u>

Litigation would be lengthy and expensive if this action were to proceed. As mentioned above, Plaintiff still needed to move for class certification; he would have likely had to overcome dispositive motions, as well as a motion for decertification, assuming he would have prevailed at the class certification stage. Assuming Plaintiff overcame all such hurdles, he would have to prevail at trial, and any appeals, to obtain relief for himself and the Class. Absent settlement, Settlement Class Members would likely not have received relief for years. Such a delay increased the risk that Plaintiff and the Class would lose the rest break claim entirely (and the associated willfulness claim) if the FMCSA Order preempting Washington break laws is found to be valid.

Thus, litigating this case to trial and through any appeals would be expensive and time-consuming and would present risk to both parties. The settlement, by contrast, provides prompt, certain, and in this case complete, relief for Class Members. *See Rodriguez v. West Publ'g*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

*Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV*, *Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." (citation omitted)).

3. <u>The risk of maintaining class action status through trial.</u>

Given the motion practice to date, based on just venue and the pleadings, the parties would have most likely litigated the issue of class certification. Plaintiff believes JBS would have strenuously denied that class certification was appropriate and would have petitioned the Ninth Circuit for permission to appeal any Court order certifying a class. While Plaintiff was prepared to put forward strong arguments for certification of the Class, such certification was uncertain. Likewise, there would be a continued risk of decertification at trial or on appeal.

4. <u>The amount offered in settlement.</u>

JBS' agreement to make payments totaling $187,500 to settle this case is more than adequate given the risks and delay of continued litigation. The monetary benefits of the Class Fund of $87,500 are more than 100% of the damages Plaintiff's counsel calculated for purposes of mediation. This percentage exceeds similar settlements approved by other courts. *See Knapp v. Art.com, Inc.*, 283 F.Supp.3d 823, 833 (N.D. Cal. 2017) (approving settlement of consumer class action that provided 42% of the average total potential recovery and injunctive relief); *Cavnar v. BounceBack, Inc.*, No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15, 2015) (approving settlement providing 15.6% of alleged unlawful collection fees paid by class members alleging FDCPA and Consumer Protection Act violations); *Estate of Brown v. Consumer Law Assocs.*, No. , 2013 EL 2285368, at *3 (E.D. Wash. May 23, 2013) (approving settlement of class claims under Consumer Protection Act paying class members and estimated 30% of funds collected for challenged debt adjusting practices); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming the district court's approval of a settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 7
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

The Class Fund will be allocated to Settlement Class Members in a manner that is fair and reasonable. *See, e.g.*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (explaining that when some class members have stronger claims than others, it is appropriate to provide larger settlement awards to those class members). Each Settlement Class Member's share of the Class Fund will be based on his or her actual damages.

5. <u>The extent of discovery completed and stage of proceedings.</u>

Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz Corp.*, No. 07 CV-2174, 2012 WL 5392159, at *6 (S.D. Cal. Nov 05, 2012). This case settled after two years of litigation with Plaintiff having conducted extensive written discovery and reviewed voluminous, relevant documents, including all payroll and time records necessary to calculate damages for Settlement Class Members. Wolk Decl. ¶ 7. Class Counsel interviewed Class Members regarding their experience as drivers for JBS. *Id*. In addition, the parties had briefed various issues before the Court and were aware of the risks associated with preemption of the rest break claims as mentioned above.

Plaintiff had engaged in sufficient discovery to assess the strength of the class claims, the amount of damages incurred by the Class, and the risks of continued litigation. Entering mediation, both parties were well informed about the strengths and weaknesses of their respective cases, and a settlement was only reached at the conclusion of a full-day mediation and several months of follow up negotiation. Wolk Decl. ¶ 8. Plaintiff and Class Counsel were well informed of the strength and weaknesses of his case, and he agreed to settle only because the substantial relief offered by the Settlement best serves the Class. *Id*.

6. <u>The experience of counsel supports final approval.</u>

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Here, Class Counsel are highly experienced class

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

action litigators. *See* Dkt. No. 68 ¶¶ 15-28 and Dkt. No. 61 ¶¶ 1-12. They negotiated the settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. Wolk Decl. ¶ 11. Class Counsel have extensive experience litigating and settling class actions, and class actions challenging wage and hour practices among motor vehicle carriers in particular. *Id*. Class Counsel believe the settlement is fair, reasonable, adequate, and in the best interest of the Class as a whole. *Id*. ¶ 5.

The recommendation of experienced counsel weighs in favor of granting approval and creates a presumption of reasonableness. *See Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties." (citation omitted)); *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) (citing counsel's experience and recommendation as weighing in favor of approval). The Ninth Circuit has identified "red flags" that may suggest that plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations, including when counsel receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 569. None are present in this Settlement.

As set forth in Plaintiff's Motion for Approval of Attorneys' Fees and Costs Payment (and the declarations in support thereof), Class Counsel's requested attorney fees are substantially less than the lodestar amount and do not come out of the Class Fund. Dkt. No. 67 at 1, 6. There is no "clear sailing" arrangements. There is no reversion of settlement funds to JBS. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1060 (9th Cir. 2019) (discussing "questionable aspects of the settlement" including "the clear sailing agreement, the disproportionate cash distribution to attorneys' fees justified in part by potentially inflated non-monetary relief, the large incentive awards . . . , and the reversionary clauses").

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
Case No. 2:18-cv-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

7. <u>The presence of a governmental participant.</u>

JBS notified the U.S. Attorney General and the Attorney General of Washington, where all Settlement Class Members reside. *See* Wolk Decl., Ex. 1. The Attorney General of Washington also intervened in this matter. No government entity has objected to the settlement. Thus, this factor weighs in favor of settlement approval. *See Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).

8. <u>The reaction of Settlement Class Members.</u>

A positive class response to a settlement—as evidenced by a small percentage of opt-outs and objections—supports final approval. *See Pelletz*, 255 F.R.D. at 543-44; *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043) (observing "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). To date, no Settlement Class Members have objected or opted out. The deadline for objecting or opting out of the Settlement was December 21, 2020.

**B.   The Court-ordered Notice Program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B). To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997).

In preliminarily approving the Settlement, this Court determined that the notice program in this case meets the requirements of due process and applicable law, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all individuals

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

entitled thereto. Dkt. No. 65 ¶ 10. This notice program was fully implemented by the independent administrator, Simpluris. *See generally* Simpluris Decl.

The class notice and notice process approved by this Court and implemented by Simpluris adequately informed Settlement Class Members of the nature of the action and these proceedings, the terms of the proposed settlement, the effect of the action and release of these claims, the right to exclude themselves from the action, and their right to object to the proposed settlement, as required for final approval of class under Rule 23 and in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). The notice program successfully reached all Settlement Class Members and no Class Member objected. Thus, all Class Members will be sent a check in the amount of their Settlement award.

C.  **Plaintiff's request for a service award should be granted.**

Plaintiff's requested service award, which promotes the public policy of encouraging individuals to undertake the responsibility of representative lawsuits, should be approved. *See Rodriguez*, 563 F.3d at 958–59 (finding service awards may also be appropriate to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."). Plaintiff requests a service award of $2,500 to compensate him for his contributions in stepping forward initially to bring this case and given his service and involvement as the sole Class Representative for more than two years, including through discovery and the parties' mediation. Wolk Decl. ¶ 9. Plaintiff's support of the settlement is independent of any service award and not conditioned on the Court awarding any particular amount or any award at all. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel").

Plaintiff's requested service award is appropriate and in line with awards approved by this Court. *See, e.g., Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Wash. 2009) (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000). This is particularly true given that the average recovery by Class members is $4,200, and the highest recovery is more than $19,000.

### D. The Settlement Administration fees and costs should be approved.

The Settlement Agreement also provides for payment of settlement administration expenses from the common settlement fund. *See* Settlement Agreement § VII.1.l. Simpluris has provided the court-approved notices to Settlement Class Members by mail and email. Simpluris Decl. ¶¶ 3-5. Simpluris' billed a total of $1,126, but agreed to cap its fee for settlement administration expenses to $1,000. *Id.* ¶ 10. This fee is reasonable as it was well below the quotes provided by other professional settlement administrators. Wolk Decl. ¶ 10. Plaintiff thus requests approval of an award of $1,000.

### E. Class Counsel's attorneys' fees and costs request should be approved.

Plaintiff separately submitted his Motion for Approval of Attorney's Fees and Costs Payment to this Court on November 18, 2020. Dkt. No. 67. Settlement Class Members received notice of the amount of the requested fees and costs award, with no individual objecting to the award. As set forth in the motion for attorneys' fees and costs (and the declarations and exhibits in support thereof), Class Counsel's requested attorney fees are substantially less than the lodestar amount and do not come out of the Class Fund. *See* Dkt. No. 67 at 1, 8. Likewise, the costs expended were necessary to prosecute this case. *Id.* at 7-8.

## IV. CONCLUSION

This settlement is fair, adequate, and reasonable in light of the potential obstacles to recover in this case and the risks of continued litigation. The payment of $87,500 to the Class, with a net of $84,000, is fair and reasonable given the calculated damages. An award of $2,500 to Plaintiff Skau is reasonable given his service to the Class. An award of $1,000 for settlement administration expenses is also appropriate. Finally, the requested $100,000 award for attorneys' fees and costs is also reasonable given Class Counsel's lodestar greatly exceeds this

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

amount. For these reasons, Plaintiff respectfully requests that the Court enter an Order Granting Final Approval.

RESPECTFULLY SUBMITTED AND DATED this 4th day of January, 2021.

By: *s/ Gregory A. Wolk*
Gregory A. Wolk, WSBA No. 28946
Hardeep S. Rekhi, WSBA No. 34579
529 Warren Avenue North, Suite 201
Seattle, Washington 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
Email: hardeep@rekhiwolk.com
greg@rekhiwolk.com

Toby J. Marshall, WSBA No. 32726
Maria Hoisington-Bingham, WSBA No. 51493
Benjamin M. Drachler, WSBA No. 51021
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98109
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com
mhoisington@terrellmarshall.com
bdrachler@terrellmarshall.com

*Attorneys for Plaintiffs*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
CASE NO. 2:18-CV-00681-RAJ

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

# CERTIFICATE OF SERVICE

I, Jeff Mead, hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Killeen, WSBA #7837
Email: mikekilleen@dwt.com
Kristina Markosova, WSBA #47924
Email: kristinamarkosova@dwt.com
Email: cindylein@dwt.com
Email: lindseystrickland@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

Jonathon Watson, *Admitted Pro Hac Vice*
Email: jwatson@shermanhoward.com
Joseph H. Hunt, *Admitted Pro Hac Vice*
Email: jhunt@shermanhoward.com
Email: amoore@shermanhoward.com
Email: jkorte@shermanhoward.com
Email: kedinger@shermanhoward.com
Email: lhowell@shermandhoward.com
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 299-8286
Facsimile: (303) 298-0940

*Attorneys for Defendant*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 14
CASE NO. 2:18-CV-00681-RAJ

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Anastasia Sandstrom, WSBA #24163
Email: anas.atg.wa.gov
William F. Henry, WSBA #45148
Email: williamf.henry@at.wa.gov
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
Telephone: (206) 464-7740
Facsimile: (206) 587-4290

*Attorneys for Intervenors Washington State Attorney General's Office and the Washington Department of Labor & Industries*

DATED this 4th day of January, 2021.

By: *s/ Jeff Mead*
Jeff Mead, Paralegal
REKHI & WOLK, P.S.
529 Warren Avenue N., Suite 201
Seattle, Washington 98144
Telephone: (206) 388-5887
Email: jeff@rekhiwolk.com

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 15
CASE NO. 2:18-CV-00681-RAJ

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924