1

2

THE HONORABLE RICHARD A. JONES

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
9                                        AT SEATTLE

10

11   KURT SKAU, on behalf of himself and on
     behalf of others similarly situated,

                                                      NO. 2:18-CV-00681-RAJ
12
                                                      **ORDER GRANTING PLAINTIFFS'**
13        Plaintiff,                                  **MOTION FOR FINAL APPROVAL**
                                                      **OF CLASS ACTION**
14                                                    **SETTLEMENT**
                 v.
15

16   JBS CARRIERS, INC., a Delaware
     corporation,
17
          Defendant.
18

19

20        This matter comes before the Court on Plaintiff's motion for final approval of

21   class settlement (Dkt. # 71), Plaintiff's declarations from class counsel and the

22   settlement administrator in support of final approval (Dkt. ## 72-73), and Plaintiff's

23   motion and declarations in support of his motion for attorneys' fees and costs (Dkt.

24

25

26

ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:18-CV-00681-RAJ

## 67-69).  This litigation involves Defendant's alleged wage and hour violations.  *See generally* Dkt. No. 1-1.  The Court has considered the following:

The Parties have entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement"), which sets forth the terms and conditions of the settlement and release of claims against Defendant.  Having reviewed and considered the Settlement Agreement and all the filings, records, and other submissions, as well as having held a Final Fairness Hearing on February 5, 2021 at 9:00 a.m., the Court finds that the Settlement Agreement appears fair, reasonable, and adequate and that the Settlement Agreement should be finally approved pursuant to the terms and conditions set forth therein.

Therefore, the Court **FINDS** and **ORDERS** as follows:

1.      Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement (Dkt. # 60-1).

2.      This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

3.      This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement (Dkt. # 65) and finds that the Settlement Class is properly certified as a class for settlement purposes.

4.      The Notice provided to the Settlement Class conforms with the requirements of Fed. R. Civ. P. 23, the Washington and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein.  The Notice fully satisfied the requirements of due process.

1    5.    The Court finds that the Settlement was entered into in good faith as the

2  result of arm's-length negotiations between experienced attorneys, that the Settlement is

3  fair, reasonable, and adequate, and that the Settlement satisfies the standards and

4  applicable requirements for final approval of this class action Settlement under

5  Washington law and the provisions of Fed. R. Civ. P. 23.

6    6.    All Settlement Class Members received notice with no such members

7  having objected to or opted out of the Settlement.

8    7.    Upon entry of this Order, compensation to the participating members of

9  the Settlement Class shall be effected pursuant to the terms of the Settlement

10  Agreement.

11    8.    In addition to any recovery that Plaintiff may receive under the

12  Settlement, and in recognition of the Plaintiff's efforts on behalf of the Settlement

13  Class, the Court hereby approves the payment of a service award to Plaintiff Kurt Skau

14  in the amount of $2,500.

15    9.    The Court approves payment of $1,000 to the Settlement Administrator

16  for its fees and costs to administer the notice program.

17    10.    The Court approves the payment of attorneys' fees and litigation costs to

18  Class Counsel in the sum of $100,000.  When state substantive law applies to a

19  plaintiff's claims, attorneys' fees are to be awarded in accordance with state law.

20  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  In Washington,

21  where a prevailing plaintiff is entitled to statutory fee shifting under the relevant statute,

22  it is appropriate to use a lodestar calculation to determine an attorney fee award.  *See*

23  *Morgan v. Kingen*, 169 P.3d 487, 496-97 (Wash. Ct. App. 2007).  Here, Class Counsel

24  are entitled to attorneys' fees and costs under RCW 49.46.090(2), RCW 49.48.030 and

25  RCW 49.52.070.  "The 'lodestar' is calculated by multiplying the number of hours the

26  prevailing party reasonably expended on the litigation by a reasonable hourly rate."

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).  The Court has reviewed the parties' submissions and finds that the lodestar figure is $222,583.50 for 726.5 hours worked.  Dkt. ## 68, 69.  The Court finds that the lodestar figure reflects reasonable hourly rates for several attorneys and their staff and reflects the number of hours reasonably expended on the litigation.  Given that Class Counsel's requested fees and costs of $100,000 are far less than its lodestar figure, which is itself presumptively reasonable, the Court finds that the requested amount of $100,000 is fair and reasonable. The attorneys' fees and costs awards shall be distributed to Class Counsel in accordance with the terms of the Settlement Agreement.

11.     Upon the date on which this order is entered, Plaintiff and all members of the Settlement Class, shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged JBS Carriers, Inc. from all claims as defined by the terms of the Settlement. Upon the date on which this order is entered, all members of the Settlement Class shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all of the claims released under the terms of the Settlement.

12.     This Court finds that no Settlement Class Members have timely and properly excluded themselves from the Settlement Class. The Court hereby dismisses this action with prejudice as to all Settlement Class Members.

13.     Pursuant to the Settlement Agreement, this Order shall constitute a dismissal of this action on the merits with prejudice with respect to Defendant, without fees or costs to any party except as provided in the Settlement Agreement and approved by the Court.

/ / /

/ / /

Without affecting the finality of this Final Approval Order and Judgment for the purposes of appeal, this Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

IT IS SO ORDERED.

DATED this 11th day of February, 2021.

The Honorable Richard A. Jones
United States District Judge